[L. A. No. 11605. In Bank.—February 24, 1930.]

HERMAN GUTTERMAN, Petitioner, v. MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Respondents.

Cooper & Collings for Petitioner.

Everett W. Mattoon, County Counsel, S. V. O. Prichard, Deputy County Counsel, Lloyd S. Nix, City Prosecutor, and Ray P. Brockman, Deputy City Prosecutor, for Respondents.

THE COURT.—Application for writ of mandate to compel the dismissal of an action pending in the respondent court, charging the petitioner with usury, a misdemeanor. An alternative writ was issued. As a return the respondents filed a demurrer and an answer.

This proceeding in its controlling features is the same as the case of *Harris* v. *Municipal Court et al., ante,* p. 55 [285 Pac. 699], No. L. A. 11787. There is some dissimilarity in the facts, not, however, sufficient to change the result.

It appears from the admitted allegations of the petition that the complaint under which the petitioner is sought to be prosecuted is a so-called ''John Doe'' complaint, filed in the respondent court on September 8, 1927; that upon its filing a ''John Doe'' warrant was immediately issued; that during the years 1926 and 1927 petitioner had numerous dealings with the Julian Petroleum Corporation, its officers and agents, and that these transactions led to the filing of said complaint; that the petitioner was arrested on April 20, 1929; that nothing was done in the meantime to bring said action on for trial; that upon his arraignment the petitioner

moved the court to dismiss the complaint on the ground, among others, that the petitioner was not granted and did not receive a speedy trial, guaranteed to him under the state and federal Constitutions. Upon the hearing of the motion no reason or excuse for the delay was shown or suggested by the prosecution. Upon such hearing the petitioner offered to prove that about the time the complaint was filed he was under indictment by the grand jury of Los Angeles County involving transactions between himself and the Julian Petroleum Corporation; that he had been a resident of Los Angeles for twenty years and was at all times available for the service of process in the misdemeanor action; that after said complaint was filed he made full settlement with the receivers of the Julian Corporation and that said receivers advised a dismissal of the misdemeanor complaint. The court refused the offer of proof and denied the motion to dismiss, and set the cause for trial on May 28, 1929. Thereafter this proceeding was commenced to compel the dismissal on the ground that the court abused its discretion in denying said motion in the absence of any showing, reason or excuse for the delay.

The only excuse for the delay advanced by the respondents is contained in the answer, wherein it is alleged on information and belief that it was impossible for the city prosecutor to prosecute the misdemeanor charge for the reason that material evidence, including documents and records by which the *corpus delicti* must be established, was at all times mentioned in the petition and until recently in the possession and under the "judicial control of two superior jurisdictions, and were, therefore, unavailable to the prosecution." The answer does not state good cause for the delay of over eighteen months. It does not appear that any effort was made by the prosecution to obtain this evidence or that it could not have been obtained by the exercise of reasonable diligence.

No adequate defense is presented and the peremptory writ should issue as prayed.

It is so ordered.