[Crim. No. 16325.  In Bank.  Oct. 19, 1972.]

THE PEOPLE, Plaintiff and Appellant, v.
BRYCE J. MITCHELL, Defendant and Respondent.

## Counsel

Evelle J. Younger, Attorney General, Robert R. Granucci and Joyce F. Nedde, Deputy Attorneys General, for Plaintiff and Appellant.

Michael J. Mandel and Anderson & Mandel for Defendant and Respondent.

## Opinion

**McCOMB, J.**—The People appeal from an order of the Superior Court of Marin County dismissing charges against defendant on the ground that he was denied the right to a speedy trial. Defendant is charged with violating section 12220 of the Penal Code (possession of a machine gun) and section 4390 of the Business and Professions Code (forgery of prescription for drugs).

*Facts*: After a preliminary hearing in the municipal court, an information charging defendant with the above mentioned offenses was filed March 24, 1969. At the request of defendant's counsel, a continuance for his arraignment was granted, and he was arraigned April 7, 1969. He pleaded not guilty and waived time. His trial was set for July 7, 1969, and he was released on his own recognizance. At the time of the arraignment, defendant's attorney advised him that he felt there was a very good chance he could obtain a dismissal, because there were more serious charges against defendant in other counties.

During the first part of June 1969, defendant was incarcerated in the San Francisco jail. He was not released until July 27 or 28, 1969. He did not inform anyone in the jail that he was due to appear for trial in Marin County on July 7, 1969; and he did not notify his attorney of his where-

abouts. When he did not appear in court on July 7, 1969, a bench warrant was issued for his arrest. Upon his release from the jail, a check was made to determine if there were any warrants against him; but he was informed that there were no holds against him, and he was permitted to leave.

Some time before defendant began serving his term in the San Francisco jail, certain charges were filed against him in San Mateo County and a trial date set for early August 1969. At the time of his scheduled trial in San Mateo County, however, he was incarcerated in Reno, where he had gone immediately after his release from the jail in San Francisco. While he was still incarcerated in Reno, San Mateo County lodged a hold against him and commenced extradition proceedings because of his failure to appear for trial in that county. Defendant waived extradition and remained in the custody of the Washoe County Sheriff's Department in Reno until December 7, 1969, at which time he was transported by officers from the Pacifica Police Department (San Mateo County) to the San Mateo County jail.

Thereafter, defendant was convicted on the charges filed against him in San Mateo County and sentenced to a term of imprisonment in the San Mateo County jail. On numerous occasions after he was returned to San Mateo County, defendant was assured by various public officials that there were no holds against him and that the charges in Marin County had been dismissed.[1]

On August 11, 1970, 13 months after the bench warrant for his arrest was issued by the Marin County authorities, defendant was released from the San Mateo County jail. Although there are procedures under which Marin County could have lodged a hold against defendant while he was incarcerated in Reno, San Francisco, or San Mateo County, no such action was taken. Upon defendant's release from the San Mateo County jail, however, he was immediately taken into custody by two San Francisco police officers, who advised him that there had been a warrant for him from San

---

[1]A San Mateo County probation officer, as well as defendant's counselor at the California Medical Facility at Vacaville, made an investigation to determine if there were any charges pending against defendant elsewhere and subsequently told him that the Marin County charges had been dismissed and that there were no holds against him. The attorney representing defendant in San Mateo County also made inquiries before defendant's trial there and informed him that there was nothing pending against him in either San Francisco or Marin County. Furthermore, following defendant's conviction in San Mateo County, he was sent to the La Honda Honor Camp, a minimum security facility; and he was informed by two of the county deputy sheriffs that he would not have been eligible for the honor camp if there had been any holds against him.

Francisco since June 1969 and that there was also a hold for him from Marin County. The holds had been received by the San Mateo County jail that morning.

On November 13, 1970, defendant filed a motion to dismiss on the ground that he had been denied a speedy trial; and at a hearing held November 17, 1970, the trial court granted the motion and dismissed the information.

Question: *Is there substantial evidence to support the trial court's finding that defendant was deprived of his right to a speedy trial and was prejudiced thereby?*

■ *Yes.* As hereinabove indicated, the record shows that Marin County made no effort to bring defendant to trial for 13 months after issuance of the bench warrant against him; that defendant reasonably relied on assurances given to him that the Marin County charges had been dismissed; that he was prejudiced by the delay in being brought to trial; and that the People failed to show good cause for the delay. Under the circumstances, the issue being a factual one and there being substantial evidence to support the finding of the trier of fact, the ruling of the trial court must be upheld. (See *Jones* v. *Superior Court,* 4 Cal.3d 660, 666-667 [94 Cal. Rptr. 289, 483 P.2d 1241]; *People* v. *Wright,* 2 Cal.App.3d 732, 736 [82 Cal.Rptr. 859].)

The order is affirmed.

Wright, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.