[Crim. No. 17304. First Dist., Div. Four. Nov. 6, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSEPH PELLEGRINO et al., Defendants and Respondents.

## Counsel

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Timothy A. Reardon, W. Eric Collins and Alvin J. Knudson, Deputy Attorneys General, for Plaintiff and Appellant.

Sheldon Portman, Public Defender, C. Randall Schneider, Deputy Public Defender, Aguilar, Basile, Roggia & Robinson, Louis A. Basile, Keough, Cali & Arzino, Richard A. Arzino, Steven J. Howell and Michael C. Mirk for Defendants and Respondents.

## Opinion

**CHRISTIAN, J.**—This is an appeal by the People from an order dismissing several counts of an information on the ground of delay and setting aside one count of the information under Penal Code section 995. We affirm the orders.

On November 30, 1976, an information was filed in the superior court (Santa Clara) charging Joseph Pellegrino, Denise Pellegrino, Maurice Patrick Hartigan, James Traynor Hartigan, and Kenneth Yerger, with the following:

Conspiracy (Pen. Code, § 182—count 1, all defendants);

Receiving stolen property (Pen. Code, § 496—count 2, Joseph and Denise Pellegrino);

Attempted receipt of stolen property (Pen. Code, § 664—counts 3, 4, 5 and 7, Joseph Pellegrino, Maurice Hartigan, James Hartigan and Kenneth Yerger);

Soliciting a crime (Pen. Code, § 653f—count 6, Joseph Pellegrino, Maurice and James Hartigan);

Grand theft (Pen. Code, § 484—count 8, Joseph Pellegrino, Maurice and James Hartigan);

Possession of a firearm by a felon (Pen. Code, § 12021—count 9, Maurice Hartigan).

Defendants moved to dismiss certain counts of the information due to preinformation delay. Denise Pellegrino moved to set aside count 1 under Penal Code section 995. The court granted the motions. Counts 2, 7, 8 and 9 remain pending.

The charges against respondents resulted from an undercover operation conducted by United States Customs Special Agent Martin Seidman. Agent Seidman, using the name "Marty Davis," met respondent Joseph Pellegrino on October 10, 1974. At that time Seidman indicated to Pellegrino that he dealt in stolen merchandise. After the initial contact, Seidman was introduced to the other respondents. Seidman testified that during these meetings various illicit transactions were discussed, and items of "hot" merchandise were bought and sold.

After April or May of 1975, Seidman discontinued his dealings with respondents and prepared a report on his covert operations. The report was delivered to the United States Attorney in August of 1975. Seidman turned to another undercover investigation in a different county.

On September 20, 1976, Seidman came upon information that respondents Joseph Pellegrino and James and Maurice Hartigan had some merchandise for sale. Accordingly, on October 20, 1976, Seidman renewed contacts with some of the respondents. The purchase of stolen goods was discussed. Arrests followed. Search warrants were executed at the Pellegrino and Hartigan residences and various items were seized. Charges were filed, which included counts arising out of the original investigation.

Appellant contends that the court should not have dismissed counts 1, 3, 4, 5 and 6 against all the defendants due to preinformation delay, and that the court should not have dismissed count 1 as against Denise Pellegrino under Penal Code section 995.

■ A three-step analysis is employed to determine if a defendant's due process right to a fair trial (Cal. Const., art. I, § 7) has been violated because of delay in filing an information or seeking an indictment: (1) the defendant must show that he has been prejudiced by the delay, whereupon (2) the burden shifts to the People to justify the delay, and (3) the court balances the harm against the justification. (*Jones* v. *Superior Court* (1970) 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10]; *People* v. *Archerd* (1970) 3 Cal.3d 615 [91 Cal.Rptr. 397, 477 P.2d 421].) Decisions of the California Supreme Court have indicated that this balancing

analysis is to be applied only where the delay was purposeful and oppressive. (See, e.g., *People* v. *Archerd, supra,* 3 Cal.3d 615, 640; *People* v. *Hannon* (1977) 19 Cal.3d 588, 610, fn. 12.) But a recent decision of the Supreme Court contains the statement that "it makes no difference whether delay was deliberately designed to disadvantage the defendant, or whether it was caused by negligence of law enforcement agencies or the prosecution." (*Scherling* v. *Superior Court* (1978) 22 Cal.3d 493, 507 [149 Cal.Rptr. 597, 585 P.2d 219].) The statement is dictum, and the prior authorities declaring a contrary rule were not overruled. But the new statement is a unanimous opinion; we therefore consider it appropriate to disregard the previous rule and follow the new rule stated in the *Scherling* dictum.

■ Appellant concedes that enough prejudice was shown to shift the burden to the People to explain the delay. However, appellant contends, citing *People* v. *Vanderburg* (1973) 32 Cal.App.3d 526 [108 Cal.Rptr. 104], that only minimal prejudice had been suffered. It is true that a bare assertion of failure to recall may be "minimal prejudice when weighed against the justification . . . ." (*People* v. *Vanderburg, supra,* 32 Cal.App.3d at p. 533.) Respondents all submitted affidavits of inability to recall. Appellant contends that the affidavits being all the court had before it on the issue, the court should have found only minimum prejudice. But other facts were before the court at the time it ruled on the motion to dismiss: (1) the length of the delay (17-24 months), (2) the use by Seidman of a notebook as the basis for substantially all of his testimony at the preliminary examination, (3) the related admission by Seidman that he had no independent recollection of at least some of the events to which he testified, and (4) the mistaken identification of a newspaper reporter covering the proceedings as being former codefendant Orval Satterhoff, by Seidman. These facts could properly be considered as bearing on the question of prejudice. Absent a mistake of law "the issue being a factual one," if there is "substantial evidence to support the finding of the trier of fact, the ruling of the trial court must be upheld." (*People* v. *Mitchell* (1972) 8 Cal.3d 164, 167 [104 Cal.Rptr. 348, 501 P.2d 916].) There appears to be ample factual support for a finding of substantial prejudice.

Appellant contends further that the delay in bringing charges was due to an unwillingness of the investigating agency and local law enforcement to discontinue an ongoing investigation, which would have become necessary if Seidman's cover identity had been "blown" by his having to testify. The Attorney General contends that there was "failure of the trial

court to properly evaluate" the offered justification; thus, it is argued that "it cannot be said that the court properly balanced the minimal prejudice" against the justification.

The trial court did not rule that the undercover operation by Customs must yield to defendants' rights to a fair trial. It determined that the reason for the delay was not investigative needs but the lack of interest of the responsible agencies in prosecuting the defendants on the basis of Seidman's evidence. Seidman testified that he made out a report on his investigation of the defendants and submitted it to the United States Attorney in August of 1975. From at least June of 1975, the Santa Clara County Sheriff's office was aware of his investigation. Seidman began an investigation of another individual in another county in late September of 1975. The trial court concluded that a decision not to prosecute was made in 1975, based on the lack of substantial evidence of any crime having been committed: "The People cannot simply place gathered evidence of insubstantial crimes on the 'back burner' hoping that it will some day simmer into something more prosecutable. . . . [Counts] 1, 3, 4, 5, and 6 involved only a few hundreds of dollars and a lot of suggestive conversation. Memories of such conversations and their meanings can fade."

The court found that Seidman's undercover activities after June of 1975 were unrelated to the defendants and only resulted, almost a year and a half later, in their arrest due to "fortuitous" circumstances. The trial court's determination is supported by substantial evidence; it must therefore be upheld.

Appellant's contention that the court erred when it dismissed count 1 of the information against respondent Denise Pellegrino under Penal Code section 995 need not be reached, as count 1 was also dismissed as to Denise Pellegrino due to preinformation delay.

Affirmed.

Rattigan, Acting P. J., and Brunn, J.,* concurred.

Appellant's petition for a rehearing was denied January 3, 1979. Clark, J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.