Opinion
 

 CALDECOTT, P. J.
 

 Respondent Charles Lawson (hereinafter defendant) was charged by information filed June 28, 1978, with transporting, selling, furnishing and giving away heroin (Health & Saf. Code, § 11352) on October 6, 1976. The weight of the heroin was alleged to have exceeded one-half ounce.
 

 On July 7, 1978, defendant moved to dismiss the action on the ground that as a result of the delay in bringing him to trial he had been denied his right to a fair and speedy trial.
 

 On August 21, 1978, following a hearing, the court granted the motion to dismiss, finding that the delay would result in denial of due process to defendant. The appeal is from the order dismissing the action.
 

 The following facts were adduced at the hearing on defendant’s motion to dismiss the action on the ground he was denied his right to a speedy trial.
 

 The offense providing the basis for the charge against defendant occurred October 6, 1976. A warrant for defendant’s arrest issued April 20, 1977. Defendant knew nothing of the warrant for his arrest until April
 
 *197
 
 1978, when he was arrested in Georgia. He was arraigned on May 22, 1978, in the Oakland Municipal Court and the information was filed in June 1978.
 

 Following defendant’s testimony, the trial judge advised the prosecutor that unless the prosecution called “some witnesses to rebut the motion,” the defense motion would be granted. The prosecutor objected on the ground that the defendant had shown no prejudice as a result of the delayed prosecution and therefore the burden had not shifted to the prosecution to show reason for the precomplaint delay. In light of the judge’s determination, however, Special Agent Silas Brandon was called to testify on behalf of the People.
 

 Following Brandon’s testimony, the prosecutor argued that the absence of any showing by the defendant that a precomplaint delay resulted in actual prejudice to him
 
 (People
 
 v.
 
 Archerd
 
 (1970) 3 Cal.3d 615 [91 Cal.Rptr. 397, 477 P.2d 421]), compelled denial of defendant’s motion with respect to that time period. The trial judge disagreed, assuming prejudice from the passage of time. With respect to any postcomplaint delay, the prosecutor argued that Lawson’s absence from the jurisdiction and his unavailability for service of the arrest warrant justified any delay in bringing defendant to trial.
 

 The trial court rejected the prosecutor’s argument and granted the defense motion to dismiss the action.
 

 The delay of which defendant complains occurred between the date of the offense (Oct. 6, 1976) and the date of his arrest in Georgia (Apr. 1978)
 
 [1]
 

 The People correctly argue that no federal constitutional right is even arguably involved in such delay. The Sixth Amendment to the United States Constitution provides that “. . . the accused shall enjoy the right to a speedy and public trial . . . .” The United States Supreme Court has interpreted the word “accused” to mean one who is either arrested or charged by indictment or information.
 
 (United States
 
 v.
 
 Marion
 
 (1971) 404 U.S. 307, 313, 321, 325 [30 L.Ed.2d 468, 474, 479, 481-482, 92 S.Ct. 455].) Thus, under federal law defendant did not become accused, and no right to speedy trial attached, until April 1978. Defendant does not complain of any delay after that date.
 

 
 *198
 
 California law, which is applicable here, is significantly different. The California Constitution speaks in terms of the right of the “defendant” to a speedy trial (art. I, § 15). There are actually two elements to consider in discussing the right to speedy trial. The first is the stage at which the right attaches. The second is the stage at which the presumption of prejudice arises. During the period between the crime or the offense and the arrest or filing of the complaint the speedy trial doctrine does not apply; it is the right to due process that is involved. However, the test is the same, i.e., any prejudice to the defendant resulting from the delay must be weighed against the justification. Upon arrest or the filing of the complaint the right to speedy trial attaches, but at this stage there is no presumption of prejudice. The presumption of prejudice does not arise until the filing of the information or indictment.
 
 (Scherling
 
 v.
 
 Superior Court
 
 (1978) 22 Cal.Sd 493 [149 Cal.Rptr. 597, 585 P.2d 219];
 
 People
 
 v.
 
 Archerd, supra,
 
 3 Cal.3d 615.)
 

 If the violation occurs prior to the filing of the information or indictment there is no presumption and a three-step analysis is employed to determine if the defendant’s rights have been violated. First, the defendant must show that he has been prejudiced by the delay. Second, the burden then shifts to the prosecution to justify the delay. Third, the court balances the harm against the justification.
 
 (Jones
 
 v.
 
 Superior Court
 
 (1970) 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10];
 
 People
 
 v.
 
 Archerd, supra,
 
 3 Cal.3d 615;
 
 People
 
 v.
 
 Pellegrino
 
 (1978) 86 Cal.App.3d 776 [150 Cal.Rptr. 486].)
 

 If the violation occurs after the filing of the information or indictment, prejudice is presumed and the prosecution must then show justification for the delay. There is no claim here, however, of postinformation delay.
 

 Scherling
 
 and its predecessors make clear that in California, prejudice will not be presumed from delay which occurs before arrest or the filing of an information or indictment. If prejudice will not be presumed, obviously it must be shown, and the cases also make clear that the burden is on the defendant to show such prejudice.
 
 (Scherling, supra; Archerd, supra,
 
 at p. 640;
 
 People
 
 v.
 
 Sobiek
 
 (1973) 30 Cal.App.3d 458, 470-471 [106 Cal.Rptr. 519, 82 A.L.R.3d 804].)
 

 If defendant fails to show prejudice the court need not inquire into the justification for the delay (since there is nothing to “weigh” such justification against).
 
 (Scherling, supra,
 
 22 Cal.3d at pp. 506-507;
 
 Sobiek, supra,
 
 30 Cal.App.3d at p. 471.) This is particularly true where there is no
 
 *199
 
 evidence that the delay was for the purpose of weakening the defense.
 
 (Scherling,
 
 at pp. 506-507.)
 

 Defendant concedes that he “relied on the presumption of prejudice that arises after any substantial
 
 postcomplaint
 
 or
 
 postindictment
 
 delay.” But the cases upon which he relies for the proposition that postcomplaint delay raises a presumption of prejudice either do not stand for that proposition or are distinguishable from this case.
 
 Rice
 
 v.
 
 Superior Court
 
 (1975) 49 Cal.App.3d 200 [122 Cal.Rptr. 389], and
 
 People
 
 v.
 
 Archerd, supra,
 
 3 Cal.3d 615, involved postindictment delay.
 

 A series of 1930 decisions
 
 (Harris
 
 v.
 
 Municipal Court, 209
 
 Cal. 55 [285 P. 699];
 
 Gutterman
 
 v.
 
 Municipal Court, 209
 
 Cal. 65 [285 P. 703];
 
 Hackel
 
 v.
 
 Municipal Court, 209
 
 Cal. 780 [285 P. 704]), and
 
 Rost
 
 v.
 
 Municipal Court
 
 (1960) 184 Cal.App.2d 507 [7 Cal.Rptr. 869, 85 A.L.R.2d 974], support the view that postcomplaint delay may give rise to a presumption of prejudice, but all were misdemeanor cases wherein the complaint is the accusatory pleading comparable to the indictment or information in felony cases (Witkin, Cal. Criminal Procedure (1963) Proceedings Before Trial, § 97, p. 97). Thus these cases are consistent with the statement of California law,
 
 ante.
 

 Of all the cases cited by defendant, only
 
 Jones
 
 v.
 
 Superior Court, supra,
 
 3 Cal.3d 734, is arguably in point, for it involved postcomplaint, preinformation delay. But in
 
 Jones,
 
 the court did not address the issue of “presumption of prejudice.” It was merely called upon to address the issue of whether or not the right to speedy trial attached postcomplaint, prearrest (see Scherling,
 
 supra, 22
 
 Cal.3d at p. 505). The court may have “presumed” prejudice in
 
 Jones,
 
 but it may not have; it did not set forth the facts, if any, to which defendant testified, but merely stated that he was “clearly prejudiced.” To the extent that
 
 Jones
 
 may be read as presuming prejudice, it was discussed, cited and disapproved in
 
 Scherling, supra. (22
 
 Cal.3d at pp. 504-505, including fn. 8.)
 

 In the present case the trial court erred by presuming prejudice. The hearing on the motion to dismiss began with discussion by counsel, the court covering the basic facts of the case and the introduction of affidavits in support of the motion.
 

 Defendant testified about his reasons for moving to Georgia. His testimony included no facts touching on the question of any possible prejudice to him from the delay in bringing him to trial. At the close of
 
 *200
 
 his testimony the court told the district attorney that it could save him some time “by advising you that if you don’t call some witnesses to rebut the motion I am going to grant the motion.” When asked by the district attorney whether the court felt defendant had shown prejudice and thereby shifted the burden of proof to the People to justify the delay, both pre- and postcomplaint, the court refused to explain its ruling, but stated, “if you don’t call your first witness at this time, I will grant the defendant’s Motion to Dismiss.”
 

 Thereafter, the People called Agent Brandon, who explained the circumstances of the buy program and the delays involved.
 

 After the testimony was completed the district attorney argued that defendant had not made a sufficient showing to justify granting his motion to dismiss. Specifically, the district attorney argued that the required showing of prejudice as to precomplaint delay had not been made. The court stated that this was not required, and addressed the weakness of the justification for the delay—a factor not properly considered absent a showing of prejudice by defendant. The court
 
 presumed
 
 prejudice in the form of fading memory due to passage of time; but there was no evidence to support its purported finding.
 

 Upon this evidence and argument the court found that defendant would be denied due process if brought to trial.
 

 No federal constitutional right is in question here. Under California law there is no distinction in a felony case between pre- and postcomplaint delay which occurs before arrest or the filing of an indictment or information. In all such cases the defense has the burden of showing some prejudice, which the court should then weigh against any justification for the delay. Here the defense made no showing of prejudice and the trial court erroneously presumed prejudice from the passage of time alone.
 

 The order is reversed and the cause is remanded to the trial court for further proceedings consistent with the views expressed herein.
 

 Christian, J., and Poche', J., concurred.
 

 A petition for a rehearing was denied June 22, 1979, and respondent’s petition for a hearing by the Supreme Court was denied July 27, 1979. Bird, C. J., Mosk, J., and Newman, J., were of the opinion that the petition should be granted.
 

 [1]
 

 It is not clear from the record whether the defendant also complained of delay occurring between the arrest and filing of the information (June 28, 1978). However, we will also discuss the law relative to delay during this latter period.