Opinion
FAINER, P. J.
A misdemeanor complaint was filed April 15, 1976, charging defendant with four separate violations of Vehicle Code section 20 (using a fictitious name in a document filed with the Department of Motor Vehicles). Defendant failed to appear in court for his arraignment on April 23, 1976. He had been notified to appear by a letter. An arrest warrant was issued April 23, 1976. Defendant was eventually arrested pursuant to the warrant three and one-half years later on November 2, 1979. He was arraigned on November 14, 1979, and pleaded not guilty.
After several continuances, the trial court heard and granted defendant’s motion to dismiss for lack of a speedy trial. There was a finding that the People used due diligence in trying to locate defendant until the end of 1976. The trial court recognized that the defendant had avoided service of the warrant but could not justify the arrest warrant being placed in a “holding pattern” for almost three years by the Department of Motor Vehicles inspector in hopes that some other law enforcement agency might find and arrest him. The defendant offered no evidence of actual prejudice to him as a result of the postcomplaint/ prearrest delay. He relied upon the holdings[1] of Harris v. Municipal Court (1930) 209 Cal. 55 [285 P. 699] and Rost v. Municipal Court (1960) 184 Cal.App.2d 507 [7 Cal.Rptr. 869, 85 A.L.R.2d 974]. Those early cases held prejudice to be presumed for postcomplaint, prearrest delays in misdemeanor cases. The trial court, in granting defendant’s motion to dismiss for a denial of a speedy trial, appears to have accepted defendant’s argument that prejudice was presumed because of the lengthy delay between the filing of the complaint and defendant’s arrest.
The period between the time a complaint is issued and the defendant’s arrest is governed by the speedy trial provisions of the *Supp. 10 California Constitution, article I, section 15. (Scherling v. Superior Court (1978) 22 Cal.3d 493, 504 [149 Cal.Rptr. 957, 585 P.2d 219].) In the absence of an express statutory provision, the question of a denial of a speedy trial for this period is controlled by the balancing test first announced in Jones v. Superior Court (1970) 3 Cal.3d 734, 740 [91 Cal.Rptr. 578, 478 P.2d 10] (“The prejudicial effect of the delay on . .. [a defendant] . . . must be weighed against any justification for the delay.”) and refined by the United States Supreme Court in Barker v. Wingo (1972) 407 U.S. 514 [33 L.Ed.2d 101, 92 S.Ct. 2182] and our Supreme Court in a number of cases, including Scherling v. Superior Court, supra. In the absence of a designated statutory period, as in Penal Code section 1382, the claimed speedy trial violation requires the following analysis: First, the defendant must show that he has been prejudiced by the delay. Second, the burden then shifts to the prosecution to justify the delay. Third, the court balances the harm against the justification. (People v. Allen (1979) 96 Cal.App.3d 268, 278-279 [158 Cal.Rptr. 54]; People v. Lawson (1979) 94 Cal.App.3d 194, 198 [156 Cal.Rptr. 226].)
It is only in those situations where the Legislature has implemented the speedy trial guarantee in a statute specifying a time limit in days in which a defendant is to be brought to trial that the balancing test is not applied and prejudice is presumed. In applying the statutory period, the defendant, claiming a speedy trial violation, is presumed to have suffered prejudice (Scherling v. Superior Court, supra) and the People have the burden of justifying the delay by a showing of “good cause.” (Pen. Code, § 1382; see Owens v. Superior Court (1980) 28 Cal.3d 238 [168 Cal.Rptr. 466, 617 P.2d 1098].)
In the case of a felony, the statutory period is 60 days “.. . after the finding of the indictment or filing of the information ...” (Pen. Code, § 1382, subd. 2; Scherling v. Superior Court, supra) and in the case of a misdemeanor, the statutory time commences “... [r]egardless of when the complaint is filed . .. . ” when the defendant is arraigned. In our instant case, the statutory period had never begun until defendant was arrestéd in 1979 on the 1976 arrest warrant and then arraigned on November 14, 1979. Defendant was not within the statutory guarantee before his arrest and arraignment. The presumption of prejudice would not have been applicable to defendant if he were charged with a felony and there does not appear to be any logical reason why he should be entitled to the presumption merely because he is *Supp. 11 charged with misdemeanors, The 1930 decision in Harris v. Municipal Court, supra, and the 1960 decision in Rost v. Municipal Court, supra, support defendant’s contention that a presumption of prejudice exists for postmisdemeanor complaint delay, but these decisions have been superseded and impliedly overruled by the later holdings of Barker v. Wingo, supra, Jones v. Superior Court, supra, and Scherling v. Superior Court, supra. We decline to follow the dicta[2] in People v. Lawson, supra, 94 Cal.App.3d at page 199, which states that Harris, Rost as well as Gutterman v. Municipal Court and Hackel v. Municipal Court are consistent with the present California law. (See People v. Moreno (1977) 67 Cal.App.3d 962, 967 [134 Cal.Rptr. 322] holding that dicta is without force as precedent.)
There is no sound or logical reason to have different nonstatutory rules for the speedy trial guarantee in felonies and in misdemeanors. We are aware of the fact that the Legislature provided different statutory time periods for felonies and misdemeanors in Penal Code section 1382 and for somewhat different consequences when a trial court grants a motion to dismiss for a statutory speedy trial violation in a felony as compared to a misdemeanor case.[3] There are no other significant statutory differences between the manner in which the speedy trial right is secured to a person charged with a misdemeanor and to one charged with a felony. To have the same procedure for resolving constitutional, nonstatutory speedy trial violations for both a misdemeanor and for a felony will avoid unnecessary confusion and will promote uniformity in the standards applied in criminal procedure for due process speedy trial guarantees. The balancing test must be used in the case of misdemeanors at all times before the defendant has been arraigned. It is only after *Supp. 12 there has been a misdemeanor arraignment that the presumption of prejudice is available to a defendant[4] for a pretrial delay.
The trial court erred in dismissing the misdemeanor case against defendant Rogers without applying the balancing test which requires the defendant to first show he was prejudiced by the delay.
We agree with the defendant that he should be given an opportunity in the trial court to present evidence that the delay did hurt or prejudice him. The matter must be remanded to the trial court to give the defendant this opportunity and to permit the entire balancing test procedure to take place. (Scherling v. Superior Court, supra; People v. Sahagun (1979) 89 Cal.App.3d 1, 23 [152 Cal.Rptr. 233].)
The order of dismissal is reversed and the matter is remanded for further proceedings consistent with this opinion.
Jones, J., and Bernstein, J., concurred.

See also Gutterman v. Municipal Court (1930) 209 Cal. 65 [285 P. 703]; Hackel v. Municipal Court (1930) 209 Cal. 780 [285 P. 704].

The Lawson dicta tells us that the presumption of prejudice applies in all cases after the accusatory pleading is filed whether it be a misdemeanor complaint or a felony indictment or information. This, however, is not the test for applying the presumption. The presumption is only applicable when a statute implements the speedy trial guarantee. Penal Code section 1382 provides that the statutory time limits commence when the defendant is arraigned on a misdemeanor (subd. 3) or when the accusatory pleading is filed on a felony (subd. 2). See Sykes v. Superior Court (1973) 9 Cal.3d 83, 93 [106 Cal.Rptr. 786, 507 P.2d 90], holding that the balancing test is not applicable where the Legislature implemented the speedy trial right by a fixed time period. We interpret this statement to mean that the presumption of prejudice is only available when the fixed statutory period commences.

Penal Code section 1387 provides that a denial of a statutory speedy trial to a misdemeanant will ordinarily prevent a refiling of the charges while a first order terminating a felony action pursuant to Penal Code section 1382 is ordinarily not a bar to another prosecution of the same felony offense.

We have a choice under Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 456 [20 Cal.Rptr. 321, 369 P.2d 937], where our appellate and Supreme Court decisions are in conflict. We must choose the Supreme Court decisions of Jones v. Superior Court, supra, and Scherling v. Superior Court, supra. These Supreme Court decisions are better reasoned, fairer, and more recent standards which will provide uniformity in handling the factual issues presented by the case at bar.