Opinion
ROTHMAN, J.
Defendant was arraigned on a forgery charge on June 18, 1980. He was on bail. After several delays, the case was set for trial on August 11, 1980, and trailed to August 20, 1980 (the ninth day under Pen. Code, § 1382).[1] On August 20, defendant did not appear, and the court issued a bench warrant.
At 4 p.m. that day his attorney learned that defendant was in custody on another charge, advised the clerk and gave the clerk a booking number.
On August 21, 1980, the clerk issued a removal order for defendant.
On August 22, 1980, the 11th day, defendant was brought to court, and the court granted a motion to dismiss, under Penal Code section *Supp. 4 1382, on the ground that the court and People had the obligation to locate a defendant in custody. The People appeal.
On appeal the People contend that the judge erred in dismissing because there was an additional 30 days to bring defendant to trial after the defendant was arraigned on the bench warrant. We agree.
When defendant “failed to appear” on August 20, there was cause for the court to issue a bench warrant. The subsequent appearance of defendant on August 22, wherein he was—in essence—arraigned on the bench warrant, gave an additional 30 days for trial. It would appear that the trial judge believed that since the court and the People had a duty to locate the defendant in custody, there was not good cause to issue the warrant.
The record, however, is clear: at the time the warrant issued, no one in court (not even defendant’s own lawyer) knew the defendant was in custody, nor was there any reason to believe he was in custody. It was neither the court’s nor the prosecutor’s duty to know defendant’s whereabouts on that day.[2] Once the bench warrant issued, of course, it became the court’s obligation to transmit the same to law enforcement authorities, and it was their duty to promptly locate and serve the warrant. Failure to meet this duty could result in dismissal, but such was not the case here. (See People v. Mitchell (1972) 8 Cal.3d 164 [104 Cal.Rptr. 348, 501 P.2d 916].) When the court’s clerk learned that defendant was in custody, a removal order was promptly issued. The fact that defendant was in custody when the bench warrant was issued did not invalidate the warrant. So long as the warrant was properly issued and promptly executed, the trial court had no ground to refuse to reset the trial within 30 days under Penal Code section 1382.
Defendant points out that the 30 additional days under Penal Code section 1382 do not apply unless the case was not tried on the date set (Aug. 20th) “because of the defendant’s neglect or failure to appear.” He argues that the words “neglect or failure” imply fault, and that since the failure to appear was not his fault (because of his being in custody), the new 30-day period was not triggered. We find no legal support for this argument, and examination of analogous authority leads the opposite way.
*Supp. 5 Under Penal Code section 1305, when a “defendant neglects to appear” “without sufficient excuse” the court may forfeit bail and notify the surety. If the surety appears within 180 days and “satisfactorily ex-cuséis] the defendant’s neglect,” the forfeiture shall be discharged. The section further provides that the 180-day period is essentially tolled during a time the defendant is unable to appear because of detention by civil or military authority. Nowhere does the section infer that forfeiture itself is invalid or improper due to defendant’s custody.
For us to hold that, as a precondition to a valid bench warrant, the prosecution or the trial court must undertake an investigation of possible reasons that the defendant might be prevented from appearing, would be to impose an excessive task upon the efficient functioning of an already overburdened system of justice. We perceive no reasonable limits upon such a rule if allowed.
Under the circumstances of this case, we hold that the court and prosecutor did not have a duty to find the defendant as a prerequisite to a valid warrant, and that once issued, the rearraignment of defendant on the warrant gave the court an additional 30 days to try the case.
The order of dismissal is reversed, and the case is remanded.
Jones, Acting P. J., and Bernstein, J., concurred.

Section 1382 provides in pertinent part: “The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:
“3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment, or in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the inferior court, within 30 days after such mistrial has been declared, after entry of the order granting the new trial, or after the remittitur is filed in the trial court or, if the new trial is to be held in the superior court, within 30 days after the judgment on appeal becomes final; except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter or (2) if it is not tried on the date set for trial because of the defendant’s neglect or failure to appear, in which case he shall be deemed to have been arraigned within the meaning of this subdivision on the date of his subsequent arraignment on a bench warrant or his submission to the court.”

Although there is no authority directly on point, Penal Code section 1381, referring to sentenced felons, places the burden on a prisoner to demand trial in other pending cases.