[No. 10,502.—Department No. 1.]

## THE PEOPLE v. FRESHOUR.

WITNESS — SELF-CRIMINATION — PRIVILEGE. — If a witness discloses a part of a transaction, with which he was criminally concerned, without claiming his privilege, he must disclose the whole. He cannot, after voluntarily testifying in chief, decline to be cross-examined on the ground that his answers may criminate or disgrace him.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the County Court of Tulare. CROSS, J.

*Atwell & Bradley*, for the Appellant.

The Court erred in refusing to compel the witness Randall to submit to cross-examination, and in refusing to strike out his evidence. (*People* v. *Benson,* 52 Cal. 381; *People* v. *Devine,* 44 id. 460; *People* v. *Williams,* 18 id. 187; Code Civ. Proc. § 2048; 1 Greenl. Ev. § 446.)

The rule is well settled, that where a witness gives testimony to part of a transaction, without claiming his privilege, he should be compelled to state the whole, and submit to a full cross-

examination. (*Coburn* v. *Odell*, 10 Foster, N. H. 540; *Nor-folk* v. *Gaylord*, 28 Conn. 309.)

*Attorney-General*, for Respondent.

McKINSTRY, J.:

The convict Randall, who was a witness called by the prose-cution, having testified very fully as to his own connection with the actual commission of the alleged crime—that he was pres-ent at and a party to the larceny charged against the defendant— was asked by counsel for defendant: " State the general plan which you and the defendant entered into with reference to stealing these cattle ? " To which the witness said : " I decline to answer." The Court: " What is your reason for declining ? " Answer: " On the ground that it would criminate me in other circumstances." By the Court: " In other crimes ? " Answer : " Yes." The Court then said: "I have no power to compel the witness to answer any such questions." To which ruling defend-ant then and there duly excepted.

The witness should not have been permitted to separate the actual taking of the property from the plan of the parties to the taking. His recital of the alleged plan or agreement might have tended to show that the connection of defendant with the actual taking was innocent, as that he supposed the cattle to be the property of the witness, and was employed by him, or might have led to such expansion of the narrative by witness as would leave him open to contradiction, or to impeachment by reason of the improbabilities of his story. Defendant was entitled to a full history of all that tended to explain the nature and degree of his complicity with the acts of the witness. The scheme of the parties, and the acts following, were parts of one transaction, and when a witness voluntarily testifies in chief on a particular subject, he may be cross-examined on that subject, even though his answers may criminate or disgrace him. (*Norfolk* v. *Gay-lord*, 28 Conn. 309.) If the witness had been compelled to give his version of the agreement, it would have aided the jury in de-termining how far his testimony was credible. He had already testified that there were *other* parties to the criminal agreement, but it was neither his moral duty nor legal privilege to protect

*them* at the expense of the defendant on trial. If, when he had given his version of the plan, he had stated there were no other parties to it than defendant and himself, he would have shown that this or his former statement was untrue ; if he had named other parties, *they* might have been called to disprove the accusation, and thus discredit the whole of his testimony. It is enough, however, to say that he had already admitted that the conspiracy contemplated and provided for the commission of the particular overt act charged in the indictment. If a witness discloses a part of a transaction with which he was criminally concerned, without claiming his privilege, he must disclose the whole. (10 Foster, N. H. 540.)

Judgment and order reversed, and cause remanded for a new trial.

ROSS, J., and McKEE, J., concurred.