## HARRY RILEY v. STATE.

No. A-6697.   Opinion Filed July 28, 1928.

(269 Pac. 390.)

Brown Moore and Guy L. Horton, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of having illegal possession of one gallon of whisky with intent to sell, barter, give away, and otherwise furnish the same to others unlawfully, and was sentenced to pay a fine of $300 and serve a period of 90 days in the county jail.

The evidence discloses that the defendant lived on a farm, and that the officers went to his home and searched his residence, barn, and outbuildings, and found nothing, but across the fence, a short distance from the barn, on the

farm of another person, they claim to have found a gallon of whisky buried in a field. This whisky was not on the premises of defendant, and was several yards from the barn, on the property of another. Neither of the officers who testified assumed to know who placed the whisky where it was found, or to whom it belonged. The defendant, as a witness in his own behalf, denied ownership of the whisky, and had no knowledge of its presence where it was alleged to have been found by the officers.

The defendant urges that the court erred in refusing his motion to require the sheriff, John B. Calderhead, to answer the questions that were propounded to him on cross-examination; witness Calderhead having been recalled by the state and asked the following:

"Q. Do you know the general reputation of Harry Riley, in the community in which he lived, before this raid was made? A. Yes, sir.

"Q. Was that good or bad? A. It was bad."

On cross-examination the following questions were propounded to the witness:

"Q. Who did you ever hear say his reputation was bad? A. Brown Moore, you have heard me say many times I would not tell names of people who turned these things in to me. I won't tell it. Neighbors made complaint is the reason I made this raid.

"Q. I want to know who they are. You wouldn't say the man's reputation was bad, without telling who said it was? A. I heard it from his neighbors.

"Q. You heard these witnesses testify that his reputation was good? A. No, sir; I did not hear them.

"Q. You can't name any one who said his reputation was bad? A. Yes, sir; but I won't do it.

"By Mr. Moore: We ask that the witness be required to answer the question.

"By Mr. Suman: I think that an officer who has re-

ceived information—that he should not be required to disclose who they were.

"By the Court: Request refused; exceptions allowed."

The record discloses that the witness Calderhead was called as a rebuttal witness to contradict the testimony of witnesses who had testified for the defendant. The defendant's witnesses had been cross-examined at length by the state as to how they knew the reputation of the defendant was good or bad, prior to this charge. When the witness Calderhead had stated that the reputation of Riley was bad, he occupied the same position as any other witness, and defendant had the right to inquire who he had ever heard say the defendant's reputation was bad, for being a law-abiding citizen, prior to the bringing of this charge. If a witness can be placed on the stand, and give testimony against the reputation of the defendant, even though he may be an officer, and the defendant is not permitted to cross-examine him, to find out the source of his alleged information, it would be denying the defendant the right of being confronted by the witness and having an opportunity of cross-examining. Henry v. State, 6 Okla. Cr. 432, 119 P. 278; People v. Freshour, 55 Cal. 375; Stouse v. State, 6 Okla. Cr. 415, 119 P. 271. We think the defendant was entitled to cross-examine the witness, and ascertain from him who he had heard say the reputation of the defendant was bad.

There are other errors assigned, but we do not deem it necessary to consider them. The court is reluctant to set aside the verdict of a jury, but, when the court by its ruling has denied the defendant a right we believe he is entitled to under the Constitution and the law, it is the duty of the court to set aside the verdict and grant the defendant a new trial. After a careful examination of the record, we hold the court erred in not permitting the witness Calderhead to be examined as to the source of his information, upon which he stated that the reputation of the defendant

for being a law-abiding citizen, prior to this charge, was bad.

The cause is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.