[L. A. Nos. 10092, 10093. In Bank.—March 31, 1931.]

ALBERT UNRUH, Appellant, v. OLOF NELSON, Respondent.

ELISA NELSON, Plaintiff, v. ALBERT UNRUH et al., Defendants; ALBERT UNRUH, Cross-Complainant and Appellant, v. ELISA NELSON et al., Cross-Defendants and Respondents.

Perry F. Backus for Appellant.

Albert A. Kidder, Jr., and Earl O. Lippold for Respondent.

PRESTON, J.—Two actions for damages. Cause number one is for criminal conversation. Cause number two, by reason of the complaint and cross-complaint, contains two reciprocal causes of action for alienation of affections. Action number one was preceded by the same kind of a suit between the same parties upon the same cause of action, dismissed prior to trial and judgment; these two actions followed. In the original action, which was dismissed, the deposition of defendant Olof Nelson was taken under section 2021, subdivision 1, and section 2055 of the Code of Civil Procedure, and said defendant was therein examined and cross-examined at great length. This deposition should be specially noted as it forms the basis of the discussion to follow of the legal questions here involved.

These suits grow out of the alleged adulterous relations between Olof Nelson and Emily Unruh, wife of plaintiff Albert Unruh. Cause number one is by Albert Unruh against Olof Nelson upon this claim, being a cause of action for criminal conversation. Cause number two was begun as an action by Elisa Nelson against Albert and Emily Unruh, husband and wife, charging them with alienation of the affections of her husband, Olof Nelson, growing out of the same adulterous relationship above mentioned. In this latter action, however, Albert Unruh cross-complained and alleged alienation of the affections of his wife by Nelson and wife and their attorney.

Issues were joined on the two complaints and cross-complaint. The actions were not consolidated, but were tried together, one jury alone being impaneled. In cause number

one, at the conclusion of plaintiff's evidence, a judgment of nonsuit was promptly given upon the ground of insufficiency of the evidence. The jury were held over; plaintiff Elisa Nelson declined to proceed under the allegations of her complaint, which left only the issues tendered by the cross-complaint of Albert Unruh, who attempted to prove a cause of action, but at the conclusion of his evidence, he met the identical fate meted out to him in the first cause of action, to wit: nonsuit upon the ground of insufficiency of the evidence. Motions for new trial in both cases were made and denied. Albert Unruh is the sole appellant in both actions. The briefs are meager and unsatisfactory. Appellant gives but little consideration to any of the questions and many of the more important ones presented by the record are not referred to at all.

We, however, propose to discuss only the legal questions growing out of the deposition taken, as above noted, and to do this without substantial aid from the briefs. At the outset, it may be here noted that in this deposition defendant Olof Nelson admits a brazen meretricious relationship with the wife of appellant, covering a period of some two or three years, with repeated acts of sexual intercourse with her at various places, vacant buildings, a territory known as "no man's land" and even in her own home. The deposition also shows a home, in which were small children, broken up, with the wife leaving the state. In short, it shows a complete case of criminal conversation (*Barlow* v. *Barnes,* 172 Cal. 98 [155 Pac. 457]; *Bedan* v. *Turney,* 99 Cal. 649, 653 [34 Pac. 442], and, in connection with the other testimony, shows at least a *prima facie* case of alienation of affections as charged in the cross-complaint. The appellant went to trial largely in reliance upon defendant's own admissions, but he had also been alert and tapped the wires of his own home. He thereby secured and gave much damaging testimony with reference to repeated conversations between his wife and defendant Nelson of such a nature that they could have sprung only from an illicit relationship. These conversations said defendant also admitted in part, particularly admitting that he took appellant's wife to an out of the way lodging-house.

When ready to present further evidence, appellant called said defendant as a witness under section 2055 of the Code

of Civil Procedure. The court immediately ruled that leading questions would not be permitted, which of itself put appellant at a great disadvantage in attempting to wring from this defendant admissions in accord with his deposition. He then propounded to said defendant direct questions upon the subject of illicit intercourse with his wife. He was met with objections that answers would tend to incriminate said defendant, thereby invading the territory made inviolate by the Constitution. The court promptly sustained the witness in all these refusals to testify.

Counsel for appellant at this juncture undertook to identify and read to the witness certain admissions in the form of questions and answers thereto found in said deposition. This move was obstructed by the objection that this could be done only as a matter of impeachment and the witness, not having as yet made an affirmative statement, no foundation existed for the effort. The court sustained this objection also. The deposition itself was then offered in evidence and the offer was promptly denied by the court.

We need search no further for reversible error. ■ As above noted, this deposition was taken pursuant to subdivision 1 of section 2021 of the Code of Civil Procedure and under the express provisions of section 2022 of said code it could be read upon the trial of a subsequent action between the same parties upon the same cause of action. (*Consolidated Lumber Co.* v. *Fidelity etc. Co.*, 161 Cal. 397, 402 [119 Pac. 506].) It is also elementary that as said defendant was a party to the action and his deposition was taken under subdivision 1 of said section 2021, his presence would not prevent the introduction of the deposition in evidence, but it could have been offered by either party to the action. (*Newell* v. *Desmond*, 74 Cal. 46 [15 Pac. 369]; *Johnson* v. *McDuffee*, 83 Cal. 30 [23 Pac. 214]; *Adams* v. *Weaver*, 117 Cal. 42, 49 [48 Pac. 972].)

■ This, of course, was not merely a matter of impeachment. It was positive, affirmative testimony which should have been admitted as relating to the issues tendered by the pleadings as well as "the act, declaration or omission" of the party (secs. 1850 and 1870, subd. 2, Code Civ. Proc.).

■ It follows also as of course that if the deposition was admissible in evidence, said defendant had thereby waived

the privilege the law throws around answers which might tend to incriminate him.

Many other questions could be discussed, but we do not deem it necessary. Throughout the presentation of the case, the court's attitude and rulings were such as to unduly restrict the attorney for appellant in the presentation of his client's cause. We have no reason to believe, however, that liberality will not be shown upon a retrial of the cause; hence we need not specify further particulars in this connection.

The judgment in each of the two above causes is hereby reversed.

Curtis, J., Langdon, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.