[Crim. No. 18838. First Dist., Div. One. July 26, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
JURLINE JACKSON, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Nathan D. Mihara, Deputy Attorneys General, for Plaintiff and Appellant.

Sheldon Portman, Public Defender, David C. Johnson and Michael A. Kresser, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

ELKINGTON, J.—A complaint (Pen. Code, § 806) was filed with a Santa Clara County magistrate charging defendant Jurline Jackson with robbery and, finding probable cause therefor, the magistrate issued a warrant for her arrest (Pen. Code, § 813). Endeavoring to execute the warrant, a peace officer went to defendant's reported residence and was told by an occupant that she had moved to an unknown address. The warrant's data were fed into the computerized Police Information Network (PIN) of the nine San Francisco Bay Area counties, which would alert appropriate authority upon any future contact of defendant

with law enforcement agencies. Otherwise the warrant took its place among the average of 30,000 awaiting execution in Santa Clara County.

Five and one-half months after the warrant's issuance defendant was arrested. Following a preliminary examination (see Pen. Code, § 738) she was held to answer for trial in the superior court and an information was thereafter timely filed (see Pen. Code, § 739). In the superior court she moved for dismissal of the action for denial of her state and federal constitutional rights of a "speedy trial" and "due process of law." The motion was based upon the delay between the warrant's issuance and her arrest.

On her motion defendant contended that the delay was a "postindictment delay," that she was "presumed" to have been prejudiced by it, and that the burden was therefore upon the prosecution to affirmatively establish the contrary. *She herself made no showing of prejudice, and the People produced no evidence of its absence.*

The action was dismissed, and the People have appealed as permitted by Penal Code section 1238, subdivision (a)(8).

The issue posed is whether a *presumption of prejudice* followed from the delay between the warrant's issuance and the arrest of defendant thereon.

A preliminary observation seems in order. It concerns the concept of "postindictment" delay.

Usually the term embraces the period following filing of an information after the accused's preliminary examination, or in the case of an indictment and issuance of a warrant thereon, the period following the accused's arrest. (See Pen. Code, § 1382, subd. 2; *Rice* v. *Superior Court* (1975) 49 Cal.App.3d 200, 204 [122 Cal.Rptr. 389].) In such situations the superior court will have acquired jurisdiction, and ordinarily the charged offense will there be tried or otherwise disposed of. During such "postindictment" periods the accused has a *statutory right* to trial within 60 days. (See Pen. Code, § 1382, subd. 2.) From a denial of that right *prejudice to the accused will be presumed.* (*Scherling* v. *Superior Court* (1978) 22 Cal.3d 493, 504 [149 Cal.Rptr. 597, 585 P.2d 219].)

But the expression "postindictment delay" is sometimes loosely, and inaccurately, used to define the period between issuance of an arrest

warrant, as in the case at bench, upon filing of a complaint with a magistrate (see Pen. Code, § 806), and the accused's subsequent arrest on the warrant. Such a delay will more properly be designated a "prearrest" delay.

The distinction is pointed up in the United States Supreme Court's case of *United States* v. *Marion* (1971) 404 U.S. 307 [30 L.Ed.2d 468, 92 S.Ct. 455]: "Invocation of the speedy trial provision . . . need not await indictment, information, or other formal charge. But we decline to extend the reach of the amendment to the period prior to arrest. Until this event occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer. Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself. But this possibility of prejudice at trial is not itself sufficient reason to wrench the Sixth Amendment from its proper context. Possible prejudice is inherent in any delay, however short; . . ." (Pp. 321-322; fns. omitted [30 L.Ed.2d p. 479].)

"Extending a Sixth Amendment right to a period prior to indictment or holding to answer would also create procedural problems: '[W]hile other rights may be violated by delay in arrest or charge, it does not follow that the time for trial should be counted from any date of inaction preceding filing of the charge or holding the defendant to answer. To recognize a general speedy trial right commencing as of the time arrest or charging was possible would have unfortunate consequences for the operation of the criminal justice system. Allowing inquiry into when the police could have arrested or when the prosecutor could have charged would raise difficult problems of proof. As one court said, "the Court would be engaged in lengthy hearings in every case to determine whether or not the prosecuting authorities had proceeded diligently or otherwise." ' " (*Id.,* p. 321, fn. 13 [30 L.Ed.2d p. 479].)

In California a Penal Code section 806 felony complaint triggers the arrest procedure, not the felony prosecution. It "is merely the basis for the warrant of arrest and the commencement of the preliminary magisterial investigation." (*People* v. *Mason* (1960) 183 Cal.App.2d 168, 172 [6 Cal.Rptr. 649].) "Such complaint may be verified on information and belief." (Pen. Code, § 806.) " ' "The term 'complaint' is a technical one descriptive of proceedings before magistrates. It is and has been defined to be the preliminary charge or accusation against an offender,

made by a private person or an informer to a justice of the peace or other officer, charging that accused has violated the law. It has also been defined as a preliminary charge before a committing magistrate; . . . The Complaint is the foundation of the jurisdiction of the magistrate, . . .'' ' '' (*Rupley* v. *Johnson* (1953) 120 Cal.App.2d 548, 552 [261 P.2d 318].)

"Whether the arrest is made without a warrant, as in those cases wherein such arrest may be made, or whether the initiatory proceedings start with the complaint made to a magistrate, the jurisdiction of the superior court does not attach until a magistrate has, after a preliminary examination, ordered that the person arrested and brought before him shall be held for trial in that court and an information has been filed. Equally it must be said that these preliminary proceedings do not invoke the jurisdiction of an inferior court. The action taken by a judge of an inferior court who has issued the order for arrest or before whom an arrested person is brought after an arrest without a warrant, is not action by a judge of any court. It is action by a magistrate as incumbent of a distinct and statutory office." (*Wells* v. *Justice Court* (1960) 181 Cal.App.2d 221, 224 [5 Cal.Rptr. 204]; and see *People* v. *Brite* (1937) 9 Cal.2d 666, 685 [72 P.2d 122]; *People* v. *Cohen* (1897) 118 Cal. 74, 78 [50 P. 20]; *People* v. *Storke* (1919) 39 Cal.App. 633, 636-637 [179 P. 527].)

California, under its own Constitution, article I, section 15, guarantees both a "speedy trial" and "due process" (see *Scherling* v. *Superior Court*, *supra*, 22 Cal.3d 493, 507), either of which rights may be abridged by an improperly delayed trial. "In both situations, the defendant will be denied his right to a fair trial as a result of government conduct." (*Id.*, p. 507.) And "regardless of whether defendant's claim is based on a due process analysis or a right to a speedy trial not defined by statute, the test is the same, i.e., any prejudice to the defendant resulting from the delay must be weighed against justification for the delay." (*Id.*, p. 505.)

We find the above noted case of *Scherling* v. *Superior Court*, 22 Cal.3d 493 (decided Oct. 20, 1978, *after* the subject superior court proceedings), to be dispositive of the issue before us. The court there first reiterated the rule that a postindictment delay "is presumed to be prejudicial" to the accused. (*Id.*, p. 504.) In such a case the burden rests upon the People to overcome that presumption. But such a presumption does not exist in relation to a "prearrest" delay. The high court stated: "We reject defendant's suggestion that we hold a presumption of prejudice arises whenever there is a delay between the commission of a crime and the time a formal charge is filed. *Even after a complaint is filed prejudice is not*

*presumed from a delay.* To extend the presumption to an even earlier stage would be clearly unwarranted." (*Id.,* p. 504, fn. 8; italics added.)

It follows here, the defendant having neither proved, nor offered to prove, prejudice to herself from the five-and-one-half month delay preceding her arrest, that her motion to dismiss was improperly granted. The order of dismissal must accordingly be reversed.

We are unpersuaded that because ·*Scherling* v. *Superior Court's* conclusions were expressed in part by a "single footnote," its holdings are somehow less authoritative. ■ "A footnote is as important a part of an opinion as the matter contained in the body of the opinion and has like binding force and effect." (*Melancon* v. *Walt Disney Productions,* 127 Cal.App.2d 213, 214, fn. 2 [273 P.2d 560].)

And of course to the extent that prior Court of Appeal holdings are contrary to the high court's decision in *Scherling* v. *Superior Court* they will be deemed superseded, or overruled, by that authority.

The order of dismissal is reversed.

Racanelli, P. J., and Newsom, J., concurred.

A petition for a rehearing was denied August 24, 1979, and respondent's petition for a hearing by the Supreme Court was denied September 20, 1979.