[Civ. No. 50254. First Dist., Div. Three. July 8, 1981.]

JAMES OVERBY, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE LIVERMORE-
PLEASANTON JUDICIAL DISTRICT OF ALAMEDA COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

COUNSEL

James R. Jenner, Public Defender, Jay B. Gaskill, Howard L. Bloom and Allan D. Hymer, Assistant Public Defenders, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and J. Patrick Collins, Deputy Attorneys General, for Real Party in Interest and Respondent.

OPINION

FEINBERG, J.—James Overby appeals from a judgment of the Superior Court of Alameda County denying his petition for writ of mandate or prohibition. Appellant was arrested on April 17, 1979, on a misde-

meanor warrant which had issued on October 18, 1978, charging him with a violation of Vehicle Code section 23102 (driving under the influence). He was arraigned on May 2, 1979. Thereafter, he moved to dismiss in the municipal court on the grounds that the six-month delay in serving the arrest warrant violated his right to a speedy trial.

At the hearing in the municipal court, Overby argued that the delay in serving the arrest warrant was in and of itself prejudicial (his motion alleged no actual prejudice). That presumed prejudice, he contended, was sufficient to shift the burden to the People to make a showing of justification for the delay. The People, on the other hand, argued that Overby had to show actual prejudice prior to any requirement on their part to produce evidence of justification. The record below is vague as to whether either party felt that any prejudice had to be *balanced against* justification or whether prejudice had to be *overcome* by a showing of good cause. Overby presented no evidence in the municipal court. His motion to dismiss was denied.

Overby filed a petition for writ of mandamus and for an alternative writ of prohibition in the superior court. On October 5, 1979, the alternative writ issued staying the municipal court proceedings and commanding the prosecution to show cause why proceedings should not be permanently restrained.

On October 29, 1979, an answer to the petition was filed, which answer argued that defendant had not alleged or shown prejudice from the six-month delay. On November 13, 1979, the matter was argued, the alternative writ was discharged, and the petition was denied. On November 16, 1979, judgment was entered accordingly, and on January 15, 1980, appellant's notice of appeal was filed.

On appeal, appellant contends that:

a. In a misdemeanor case, a defendant's state constitutional right to a speedy trial (Cal. Const., art. I, § 15) is violated by any delay greater than 60 days between the issuance of an arrest warrant and arrest, absent a showing by the prosecution of good cause for the delay.

b. In misdemeanor cases, irrespective of a 60-day per se rule, an unexplained, extended delay raises an inference of prejudice shifting the burden of proof to the People to present justification to be balanced against the prejudice.

c. In a misdemeanor case, a defendant's federal constitutional right to a speedy trial (U.S. Const., Amends. VI, XIV, § 1) is violated by a delay between issuance of an arrest warrant and arrest.

At the outset, however, we address the People's contention that these matters are not properly before us.

Code of Civil Procedure section 904.1 allows an appeal in a misdemeanor case from a judgment of the superior court denying a writ. (See *Bloom* v. *Municipal Court* (1976) 16 Cal.3d 71, 75 [127 Cal.Rptr. 317, 545 P.2d 229]; *Burrus* v. *Municipal Court* (1973) 36 Cal.App.3d 233 [111 Cal.Rptr. 539]; and *Gilbert* v. *Municipal Court* (1977) 73 Cal. App.3d 723, 728 [140 Cal.Rptr. 897].) *Burrus, supra,* discusses a "loophole" provided by Code of Civil Procedure section 904.1 in great detail, and urges a change in the section so that the judgment of the superior court denying a municipal court pretrial writ would not be an appealable order. *Gilbert* reiterates the criticism, and points out that such a change was proposed subsequent to *Burrus* but was not adopted by the Legislature. Indeed, there has been no change in the section. Thus, the judgment is appealable.

Still, there is a suggestion in *Gilbert*, urged here by respondent, that the appellate court need not reach the merits of the ruling of the lower court. And respondent relies on *Provencher* v. *Municipal Court* (1978) 83 Cal.App.3d 132 [147 Cal.Rptr. 615] to urge us to decline to reach the merits here, even if we read the record below to indicate that the court below reached the merits.

We decline respondent's invitation to limit our review to whether or not the superior court abused its discretion in denying the writ. The ruling by the municipal court (that appellant was required to make an adequate showing of prejudice prior to the People producing evidence of justification) if in error would require appellant to go through the expense of a trial before he could obtain review of his constitutional claim. Moreover, on appeal from a judgment of conviction, he would be required to show actual prejudice, even if that should not have been his burden in a pretrial hearing. (Compare *People* v. *Johnson* (1980) 26 Cal.3d 557 [162 Cal.Rptr. 431, 606 P.2d 738] and *Owens* v. *Superior Court* (1980) 28 Cal.3d 238 [168 Cal.Rptr. 466, 617 P.2d 1098].)

The merits of this case are properly before us.

### 1. *State Constitutional Right to a Speedy Trial*

Appellant relies on *Harris* v. *Municipal Court* (1930) 209 Cal. 55 [285 P. 699] and *Rost* v. *Municipal Court* (1960) 184 Cal.App.2d 507 [7 Cal.Rptr. 869, 85 A.L.R.2d 974] to argue here, as he did below, that a presumption of prejudice arises in a misdemeanor case when there is an unreasonable "post-complaint" delay in bringing the defendant to trial. To rebut this presumed prejudice, he contends, it is the prosecution's burden to show *good cause* for the delay. By "post-complaint" delay, he means the passage of time from the filing of the misdemeanor complaint and issuance of an arrest warrant up until the time the defendant is brought to trial. Appellant recognizes that he thus argues a rule for misdemeanors different from that for felonies.

Respondent appears to concede that *Harris* and *Rost* are controlling in misdemeanor cases, although he, too, points out that this creates a different rule for misdemeanors than for felonies, and suggests that the distinction is unwarranted.

Before we discuss appellant's argument, however, a review of the rules governing an evaluation of a defendant's speedy trial and due process rights in the felony context will be helpful. As will be seen, we believe that the rules in misdemeanor cases are no different.

In *People* v. *Allen* (1979) 96 Cal.App.3d 268 [158 Cal.Rptr. 54], we discussed the stages at which speedy trial rights come into play in the felony context.

First, postindictment delay, a lapse of more than 60 days between the filing of an indictment or information and trial, violates the *statutory implementation* of the speedy trial guarantee of the California Constitution (art. I, § 15). That statutory guarantee for felony prosecutions is set forth in Penal Code section 1382, subdivision 2, as follows:[1] "2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after such mistrial has been de-

---

[1]As the statute points out, the right attaches and the 60 days commences when the information or indictment is *filed*. It matters not that the defendant might not be present. As will be seen, *infra*, however, the Legislature has determined that the misdemeanor statutory right attaches at arraignment.

clared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court, or after the issuance of a writ or order which in effect grants a new trial, within 60 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney, or within 90 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney in any case where the district attorney chooses to resubmit the case for a preliminary examination after an appeal or the issuance of a writ reversing a judgment of conviction upon a plea of guilty prior to a preliminary hearing in a municipal or justice court; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter." The statutory guarantee of a speedy trial is also set forth in sections 1381 and 1381.5, governing persons imprisoned on other offenses.[2]

When there has been a violation of the *statutory guarantee* of a speedy trial constitutional right, prejudice to the accused is presumed. He need not make any showing of actual prejudice. There is no balancing of his prejudice against the People's justification. Rather, the People have the burden of showing good cause for delay.[3]

---

[2]Penal Code section 1381.5 provides: "Whenever a defendant has been convicted of a crime and has entered upon a term of imprisonment therefor in a federal correctional institution, and at the time of entry upon such term of imprisonment or at any time during such term of imprisonment there is pending in any court of this state any criminal indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced the district attorney of the county in which such matters are pending, upon receiving from such defendant a request that he be brought to trial or for sentencing, shall promptly inquire of the warden or other head of the federal correctional institution in which such defendant is confined whether and when such defendant can be released for trial or for sentencing. If an assent from authorized federal authorities for release of the defendant for trial or sentencing is received by the district attorney he shall bring him to trial or sentencing within 90 days after receipt of such assent, unless the federal authorities specify a date of release after 90 days, in which event the district attorney shall bring the prisoner to trial or sentencing at such specified time, or unless the defendant requests, in open court, and receives, or, in open court, consents to, a continuance, in which event he may be brought to trial or sentencing within 90 days from such request or consent. If a defendant is not brought to trial or for sentencing as provided by this section, the court in which the action is pending shall, on motion or suggestion of the district attorney, or representative of the United States, or the defendant or his counsel, dismiss the action."

[3]Note, however, *Owens* v. *Superior Court, supra*, 28 Cal.3d 238, and *People* v. *Johnson, supra*, 26 Cal.3d 557. In *Owens*, a pretrial writ, the presumed prejudice/good cause rule applies. In *Johnson*, however, an appeal after conviction, the defendant was required to show *actual prejudice*.

In addition to the *statutory guarantee* of a speedy trial, the California Constitution guarantees a nonstatutory speedy trial right. This we referred to in *Allen* as a guarantee against "*pre-arrest*" delay—the time between the issuance of an arrest warrant and the arrest on the warrant of the defendant. As *People* v. *Jackson* (1979) 95 Cal.App.3d 397, 398, [157 Cal.Rptr. 154] notes, a felony arrest warrant is issued by a magistrate after a review of a complaint. (Pen. Code, §§ 806, 813.) While the right involved at this stage is a constitutional speedy trial right, it is *nonstatutory.* No prejudice is presumed from any delay. As the California Supreme Court pointed out in *Scherling* v. *Superior Court* (1978) 22 Cal.3d 493, 504, footnote 8 [149 Cal.Rptr. 957, 585 P.2d 219]: "We reject defendant's suggestion that we hold a presumption of prejudice arises whenever there is a delay between the commission of a crime and the time a formal charge is filed. *Even after a complaint is filed prejudice is not presumed from a delay.* To extend the presumption to an even earlier stage would be clearly unwarranted." (Italics added; see also *People* v. *Jackson, supra,* 95 Cal.App.3d at pp. 401-402; *People* v. *Allen, supra,* 96 Cal.App.3d at p. 278; *People* v. *Lawson* (1979) 94 Cal.App.3d 194, 198, 199 [156 Cal.Rptr. 226].) In this situation, the defendant must show actual prejudice to his ability to put on a defense, which prejudice must be balanced against any justification for the delay. (See *Allen, supra,* 96 Cal.App.3d at p. 279; *Scherling, supra,* 22 Cal.3d at p. 505; *Lawson, supra,* 94 Cal.App.3d at p. 198; *Jackson, supra,* 95 Cal.App.3d at p. 401.)

Finally, in *Allen,* we used the term "precomplaint delay" to refer to the time between the commission of an offense and the time a warrant of arrest issued for the defendant, or he was arrested without a warrant. In this situation, the question is *not* one of a speedy trial right, but rather of due process. The test, however, is the same as that for the nonstatutory speedy trial right, namely, balancing the prejudice to the defendant against any justification for the delay. "[R]egardless of whether defendant's claim is based on a due process analysis or a right to a speedy trial not defined by statute, the test is the same, i.e., any prejudice to the defendant resulting from the delay must be weighed against justification for the delay." (*Scherling* v. *Superior Court, supra,* 22 Cal.3d at p. 505, fn. omitted.)

Turning to the present case, the initial question is whether or not this same scheme is applicable to misdemeanor prosecutions as well as felonies. We believe that it is.

The statutory *speedy trial* guarantee of the California Constitution in *misdemeanor* prosecutions attaches at arraignment and is set forth in Penal Code section 1382, subdivision 3, as follows: "Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment, or in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the inferior court, within 30 days after such mistrial has been declared, after entry of the order granting the new trial, or after the remittitur is filed in the trial court or, if the new trial is to be held in the superior court, within 30 days after the judgment on appeal becomes final; except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter or (2) if it is not tried on the date set for trial because of the defendant's neglect or failure to appear, in which case he shall be deemed to have been arraigned within the meaning of this subdivision on the date of his subsequent arraignment on a bench warrant or his submission to the court. [¶] If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent."

Unlike the statutory guarantee in felony cases of section 1382, subdivision 2, the misdemeanor statutory right to speedy trial attaches only upon *arraignment* where the defendant may appear personally or by counsel. (See Pen. Code, § 977.) And also unlike section 1382, subdivision 2, the clock begins anew after a bench warrant.

A complaint is the accusatory pleading filed in municipal court by which a prosecutor initiates a misdemeanor prosecution and is, thus, comparable to the indictment or information filed in superior court in a felony prosecution. (*People* v. *Lawson, supra,* 94 Cal.App.3d at p. 199.) But we disagree with the implication in *Lawson,* relied upon by appellant here, that a passage of time following the filing of a misdemeanor complaint triggers a presumption of prejudice which may only be rebutted by good cause. The *Lawson* court's attempt to distinguish

the misdemeanor situation from the issue before it, ignored section 1382, subdivision 3.

As the Supreme Court makes clear in *Scherling* and its predecessors, prejudice is only presumed when the statutory implementation of the constitutional speedy trial right is violated, namely, sections 1382, subdivisions 2 and 3, 1381 and 1381.5 of the Penal Code.

Nothing in *Harris* v. *Municipal Court, supra*, 209 Cal. 55 changes our view. *Harris* was a pre-Penal Code section 1382, subdivision 3 case. Moreover, it was an extremely egregious factual situation.[4] In it the Supreme Court turned to the felony rule of section 1382, subdivision 2 to hold that a presumption of prejudice arose from a delay of more than 60 days from the filing of a complaint and the issuance of a warrant to time of arrest. The language of *Harris* in this regard applied to any speedy trial claim, and insofar as it set forth a presumed prejudice test when delay was beyond 60 days, it was a rule applicable equally to felonies and misdemeanors. Plainly, subsequent Supreme Court cases, culminating in *Scherling, supra*, 22 Cal.3d 493, have set forth a different test for violation of a nonstatutory speedy trial right.

Still, the question remains whether an *extended delay* (like the 140 days in *Rost, supra*, 184 Cal.App.2d 507) will raise a presumption of prejudice in a misdemeanor nonstatutory speedy trial case requiring a

---

[4]As summarized in *Rost, supra,* 184 Cal.App.2d at pages 509-510, the facts in *Harris* were these: "During the receivership of the Julian Petroleum Corporation it was discovered that various individuals had been paid large sums of money by the corporation in excess of the rate of interest permitted by law. The receivers brought several actions to recover this usurious interest. About the same time the city prosecutor, in order to assist the receivers in collecting the amounts paid as usurious interest, caused to be filed in August, September and October of 1927, 143 complaints charging the crime of usury, a misdemeanor. He then caused a statement to be published to the effect that in every instance if restitution of the usurious interest was made to the receivers the criminal complaint would be dismissed. In each instance the defendant was named as 'John Doe' or by other fictitious name. The complaint on which Harris was arrested was filed October 5, 1927, and a warrant issued thereon. The defendant was designated in the complaint as John Doe. The warrant remained in the city prosecutor's office until May 1, 1929, when it was delivered to a peace officer who that day served it on Harris. During all this time Harris was known to the city prosecutor as being a resident and businessman of the city. Harris moved the municipal court to dismiss the complaint on the ground, among others, that he had been denied a speedy trial because he had not been informed of the charge against him while the pertinent evidence was available. No showing was made by the city prosecutor, nor were the above facts as set forth in Harris' petition controverted."

good cause showing by the People. *Rost* required it and, once again, respondent concedes the rule. Again, we disagree.

*Rost* is, first of all, a Court of Appeal decision and we are not bound by it. More importantly, however, *Rost* was decided *before* the California Supreme Court cases developing the distinction between statutory speedy trial violations and nonstatutory violations. Thus, we believe that under present authorities, *Rost* would have applied the balancing test described above.

In the felony context, as we pointed out in *Allen, supra*, 96 Cal.App. 3d at pages 278-279, relying on *Scherling*, "Where a defendant claims he has been denied due process of law or his right to a speedy trial not defined by statute, *the defendant must show actual prejudice* which prejudice, must then be balanced against such justification for the delay as may exist, in order to resolve defendant's claim." (Italics added, fn. omitted.) In *Allen* we specifically rejected a third test of presumed prejudice from extended delay to be balanced against justification. (*Id.*, at p. 276.) We believe that *Scherling* supports this conclusion. `

█ The defendant, then, has the initial burden to show actual prejudice. That burden cannot, it seems, be met merely by a defendant's allegations in his moving papers that he has been prejudiced or, for example, by affidavits making the same allegations.[5] *Scherling* itself implies that the defendant must put on evidence.

---

[5]As the court pointed out in *People v. Williams* (1973) 30 Cal.App.3d 502, 510 [106 Cal.Rptr. 324], in a case where the defendant had simply offered an affidavit: "The People objected to the declaration unless Williams took the stand and stood cross-examination as to its contents. Such cross-examination was refused. The objection was thereupon sustained and the declaration was not allowed in evidence. It seems to be in the interest of justice that we pass upon this ruling. [¶] It is a commonly known rule that no witness, even a defendant in a criminal case, will be permitted to testify concerning a matter while refusing cross-examination as to the same matter. In such situations the constitutional privilege against self-incrimination as to the subject matter of his direct examination is deemed waived. (See *People v. Perez*, 65 Cal.2d 615, 621 [55 Cal.Rptr. 909, 422 P.2d 597]; *Unruh v. Nelson*, 212 Cal. 130, 132-134 [297 P. 888]; *People v. Freshour*, 55 Cal. 375; *People v. Wilson*, 254 Cal.App.2d 489, 491-492 [62 Cal.Rptr. 240]; *People v. Stone*, 239 Cal.App.2d 14, 19 [48 Cal.Rptr. 469]; *People v. Di Georgio*, 185 Cal.App.2d 413, 420-421 [8 Cal.Rptr. 295].) As said in *Brown v. United States*, 365 U.S. 148, 155-156 [2 L.Ed.2d 589, 597, 78 S.Ct. 622], '[One] cannot reasonably claim that the Fifth Amendment gives him not only this choice [of testifying to his own version of the facts] but, if he elects to testify, an immunity from cross-examination on the matters he has himself put in dispute'.... [¶]

We believe the rule to be no different in misdemeanor cases.

Here, appellant put on no evidence of prejudice. He had the burden to do so because the delay did not violate his statutory right to a speedy trial. The People were thus not required to put on any evidence of justification. The trial court correctly denied his motion.[6]

## 2. *Federal Speedy Trial Violation*

■ Finally, appellant contends that his right to a speedy trial under the federal Constitution has also been violated. The United States Supreme Court has made it clear, however, that the federal right does not attach until the individual has been arrested, charged (in the statutory 1382 sense) or otherwise subjected to formal restraint. (*United States* v. *Marion* (1971) 404 U.S. 307 [30 L.Ed.2d 468, 92 S.Ct. 455]; see also *Jones* v. *Superior Court* (1970) 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10].)

---

Had Williams *testified* on the witness stand this rule would certainly have applied. No good reason appears why his election to testify on the subject by way of a declaration under penalty of perjury should place him in a more favorable position as to 'matters he himself has put in dispute.' Of course in such a situation judicial care should be exercised to see that the cross-examination is limited to the 'scope of the direct examination [here the declaration under penalty of perjury].' (Evid. Code, § 761.) The trial court properly rejected the declaration."

Moreover, the court in *Crockett* v. *Superior Court* (1975) 14 Cal.3d 433 [121 Cal.Rptr. 457, 535 P.2d 321], noted that the defendant may not merely assert that he was prejudiced. Rather, his assertion of prejudice "must be supported by particular facts and not ... by bare conclusionary statements." (At p. 442.) Thus, the court pointed out at pages 441-442: "Petitioner Henry Lee Crockett claimed actual prejudice in the respondent court by reason of his inability to locate alibi witnesses but he failed to state any particular facts which permit a determination that such witnesses even exist. He has not further supported that claim in these proceedings ... [¶] Petitioner Beverly Ann Crockett contends that she is prejudiced because the delay has precluded her from fully investigating the accuracy of the statements of a victim of the alleged robbery which connect her personally to the crime. There is, however, no showing whatsoever that the victim or others who might refute such statements are now or were at the time the current information was filed unavailable or that petitioner cannot now or could not at the time the information was filed investigate the matter fully and effectively."

[6]Respondent also suggests that appellant was required to make some showing of his availability for service of the warrant as part of his initial burden of proof. We disagree. While the cases discussed, *supra*, put a burden on appellant to show prejudice, it is the People's burden to show justification for delay in service of a warrant. That justification may include the fact that a defendant was not, for example, at home. And a defendant might then attempt to rebut such evidence by contending that in fact he was home. While his availability is a factor in justification, we do not believe appellant has the burden on that issue.

The judgment is affirmed.

White, P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied August 7, 1981, and appellant's petition for a hearing by the Supreme Court was denied October 2, 1981. Bird, C. J., was of the opinion that the petition should be granted.