[No. G0001982. Fourth Dist., Div. Three. Dec. 17, 1984.]

DANIEL ALBERTO IBARRA, Petitioner, v.
THE MUNICIPAL COURT FOR THE CENTRAL ORANGE COUNTY
JUDICIAL DISTRICT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**Counsel**

Jack C. Francis for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, William W. Bedsworth and Brett G. London, Deputy District Attorneys, for Real Party in Interest.

**Opinion**

**TROTTER, P. J.**—Petitioner Daniel Alberto Ibarra seeks a writ of prohibition preventing the municipal court from taking any further action other

than dismissing the misdemeanor charges against him. He claims the municipal court erroneously denied his motion to dismiss based on unnecessary pretrial delay.

Ibarra was arrested for misdemeanor lewd conduct on March 3, 1983. The next day he was released on his own recognizance and agreed to appear for arraignment on March 22, 1983. On that day Ibarra appeared with counsel. No complaint had been filed and therefore no arraignment took place. On March 25, 1983, a complaint was filed against petitioner, alleging lewd conduct and battery (Pen. Code, §§ 647, subd. (a) and 242.) Two and one-half months later a warrant was issued for Ibarra's arrest. Although Ibarra continued to reside at the same address noted on his original release forms, he was not arrested until April 30, 1984, approximately 13 months after his original arrest and more than 12 months after the complaint had been filed. Ibarra was arrested at home. Prior to his arrest on the warrant he had no notice charges had ever been filed.

After arraignment in the municipal court, Ibarra made a motion to dismiss because of the delay. He claimed the delay between his original arrest and subsequent arraignment more than a year later violated his state and federal constitutional guarantees to a speedy trial. In support of his motion, Ibarra's declaration was introduced into evidence. The declaration alleged he had suffered prejudice from the delay in that he no longer remembered the details of the conversation which led to his arrest. Furthermore, when he appeared in court pursuant to his own recognizance release, someone in the district attorney's office led him to believe he would not be prosecuted. Ibarra did not learn this conclusion was incorrect until he was arrested more than a year later. No evidence was offered to justify or explain the delay in filing charges or serving Ibarra with the arrest warrant. The municipal court found Ibarra had failed to establish actual prejudice and denied his motion to dismiss. Ibarra's petition for a writ of prohibition in superior court was similarly denied. We stayed Ibarra's trial when he sought relief from this court.

■ A criminal defendant in California has protection from delays in prosecution under the federal Constitution, the state Constitution, and the state statutory scheme. The Sixth Amendment to the United States Constitution guarantees the "accused" a right to a "speedy" and public trial. (*Klopfer* v. *North Carolina* (1967) 386 U.S. 213 [18 L.Ed.2d 1, 87 S.Ct. 988].) Article I, section 15 of the California Constitution similarly guarantees a defendant the right to a speedy and public trial. (See also Pen. Code, § 686, subd. 1.) Protections against delay are specifically enumerated in the state statutory scheme. Delays in initiating prosecution are controlled by statutes of limitation. (Pen. Code, § 800 et seq.) Penal Code sections 825,

847 and 849 restrict delays between arrest and arraignment. Once arraigned, Penal Code section 1382 sets out specific time requirements when the matter must be brought to trial, absent a waiver. The due process clause of the federal Constitution may also provide a remedy when a defendant complains about unnecessary delay. The due process right is distinct from a speedy prosecution complaint. (*United States* v. *Marion* (1971) 404 U.S. 307 [30 L.Ed.2d 468, 92 S.Ct. 455]; *People* v. *Archerd* (1970) 3 Cal.3d 615 [91 Cal.Rptr. 397, 477 P.2d 421].) In the due process context, the issue is whether the defendant's right to a fair trial has been impaired or prejudiced because of unreasonable delay. (*Scherling* v. *Superior Court* (1978) 22 Cal.3d 493, 507 [149 Cal.Rptr. 597, 585 P.2d 219].)

The nature of the right asserted dictates the procedural mechanism for evaluating the claimed violation. ■ Contrary to Ibarra's claim, his Sixth Amendment right did not attach until his second arrest, after a complaint had been filed. The federal speedy trial right is triggered by the filing of a formal indictment or information or arrest and holding to answer. (*United States* v. *Marion, supra,* 404 U.S. 307, 320 [30 L.Ed.2d 468, 478].) Implicit in the Supreme Court's discussion in *Marion* is the conclusion that arrest alone does not invoke the federal right.[1]

Although Ibarra had no Sixth Amendment protection prior to his arrest on the warrant, the California Constitution is broader and protects him from prearraignment delays. (*People* v. *Hannon* (1977) 19 Cal.3d 588 [138 Cal.Rptr. 885, 564 P.2d 1203].) The due process clause also protects Ibarra from unreasonable delay if he has been prejudiced by the delay to the extent he will be denied a fair trial. (*United States* v. *Marion, supra,* 404 U.S. 307; *People* v. *Archerd, supra,* 3 Cal.3d 615; *People* v. *Vanderburg* (1973) 32 Cal.App.3d 526 [108 Cal.Rptr. 104].)

■ A state constitutional speedy trial claim is decided by balancing the effect of the delay—prejudice to the defendant—against any justification for the delay. (*Jones* v. *Superior Court* (1970) 3 Cal.3d 734, 740 [91 Cal.Rptr. 578, 478 P.2d 10].) Despite language to the contrary in *Jones,* prejudice is not presumed prearraignment. (*Scherling* v. *Superior Court, supra,* 22 Cal.3d 493; *Overby* v. *Municipal Court* (1981) 121 Cal.App.3d 377 [175 Cal.Rptr. 352]; *People* v. *Allen* (1979) 96 Cal.App.3d 268 [158 Cal.Rptr.

---

[1]Ibarra's reliance on *Dillingham* v. *United States* (1975) 423 U.S. 64 [46 L.Ed.2d 205, 96 S.Ct. 303] is misplaced. In *Dillingham,* the Court found the delay between arrest and indictment must be included in determining whether there was a Sixth Amendment violation. *Dillingham*'s situation is distinguishable because he had previously been held to answer, as noted by the court in *United States* v. *Kidd* (9th Cir. 1984) 734 F.2d 409, at page 412, citing the lower court opinion in *Dillingham.* (See *United States* v. *Palmer* (5th Cir. 1974) 502 F.2d 1233, 1234, revd. *sub nom. Dillingham* v. *United States, supra,* 423 U.S. 64 [46 L.Ed.2d 205, 96 S.Ct. 303].)

54].)[2] Additionally, whether his claim is couched in terms of speedy trial under the state Constitution or due process, the balancing process is the same. (*Scherling* v. *Superior Court, supra*, 22 Cal.3d at p. 505; *Overby* v. *Municipal Court, supra*, 121 Cal.App.3d at p. 383.)

Therefore, regardless of whether we characterize Ibarra's prearraignment delay as a violation of the state constitutional speedy trial right or the due process right to a fair trial, the trial court must conduct a hearing to *balance* any claim of prejudice against any reasons offered to justify the delay. Since prejudice cannot be presumed, Ibarra has the initial burden of showing some prejudice before the prosecution is required to offer any reason for the delay. (*Overby* v. *Municipal Court, supra*, 121 Cal.App.3d 377; *People* v. *Lawson* (1979) 94 Cal.App.3d 194 [156 Cal.Rptr. 226]; *People* v. *Vanderburg, supra*, 32 Cal.App.3d 526.)

■ At the hearing on Ibarra's motion to dismiss, he offered his declaration as proof of prejudice. The prosecution argues this declaration is insufficient to meet his showing of actual prejudice. While we agree the claimed prejudice is minimal, we hold the trial court erred in evaluating the quality of the prejudice without conducting a further hearing to *balance* the claimed prejudice against any reason offered for the delay. Simply stated, Ibarra's declaration shifted the burden of going forward with evidence to the prosecution to explain the delay. The quality of any claimed prejudice cannot be properly evaluated in a vacuum; it only makes sense when compared with any justification for the delay. We agree that mere allegations "I was prejudiced" would be insufficient to shift the burden of going forward with evidence. As the *Overby* court notes, defendant's initial burden to show actual prejudice cannot be met by bald allegations. We find the allegation of memory impairment sufficient in this case to shift the burden of going forward with evidence so the trial court can balance that prejudice against any claimed justification for the delay. Even a minimal showing of prejudice may require dismissal if the proffered justification for delay be unsubstantial. By the same token, the more reasonable the delay, the more prejudice the defense would have to show to require dismissal. Therein lies the delicate task of *balancing* competing interests.

We hold the trial court erred in not conducting a full hearing on Ibarra's motion to dismiss. His declaration claiming prejudice from memory loss requires the prosecution offer some evidence to justify or explain the delay.

---

[2]Ibarra relies on *Harris* v. *Municipal Court* (1930) 209 Cal. 55 [285 P. 699] and *Rost* v. *Municipal Court* (1960) 184 Cal.App.2d 507 [7 Cal.Rptr. 869, 85 A.L.R.2d 974] and urges this court to presume prejudice for the prearraignment delay in a misdemeanor. We decline to do so and adopt the *Overby* analysis which rejects *Harris* and *Rost*. (*Overby* v. *Municipal Court, supra*, 121 Cal.App.3d at pp. 385-386.)

We have received and considered the response of real party in interest; further proceedings would add nothing to our review. A peremptory writ in the first instance is appropriate. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue directing the municipal court to conduct a hearing on Ibarra's motion to dismiss consistent with this opinion.

Sonenshine, J., and Crosby, J., concurred.