[No. G001611. Fourth Dist., Div. Three. Dec. 24, 1984.]

ERNESTINE GARCIA, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**Counsel**

Michael G. Nutter for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, William W. Bedsworth and Robert Thomas III, Deputy District Attorneys, for Real Party in Interest.

OPINION

**TROTTER, P. J.**—Petitioner Ernestine Garcia seeks a writ of prohibition preventing the superior court from taking any further action other than dismissing the felony charges against her. She claims the superior court erroneously denied her motion to dismiss based on unnecessary pretrial delay.

Petitioner was arrested for possession of heroin after a search warrant was executed at her home on January 20, 1983. At the jail, a matron conducting a booking search allegedly found additional balloons of heroin in petitioner's pocket. Petitioner was released on bond prior to arraignment. As directed, petitioner appeared for arraignment on February 11, 1983; however, no complaint had been filed. After several more court appearances still no complaint had been filed, and the court eventually exonerated the bail bond. A complaint was filed on December 30, 1983. Petitioner appeared in court on January 11, 1984, in response to a letter notifying her to appear for arraignment on the complaint.

Although petitioner filed a motion to dismiss in municipal court based on the delay in prosecution, the magistrate conducting the preliminary examination refused to hear the motion, and petitioner sought no further relief from that ruling. Petitioner did renew the motion after being held to answer in superior court. She claimed a speedy trial violation, relying on the Sixth Amendment to the United States Constitution and article I, section 15 of the California Constitution. Although petitioner argued prejudice was presumed from the length of the delay, she also offered evidence of prejudice in a declaration. Her declaration stated the police entered her home illegally when executing the search warrant the day of her arrest. According to petitioner, witnesses observed the unlawful entry and arrest. She claimed these witnesses also saw the police search petitioner's person and clothing at least three times before she was taken to the jail and therefore could confirm she had no heroin in her pocket. However, the declaration stated petitioner was unable to find the witnesses due to the length of the delay in prosecution. Without hearing any evidence to explain the reason for the delay in filing charges, the court denied petitioner's motion to dismiss, finding an insufficient showing of prejudice.

Approximately a month later, petitioner renewed her motion. Attached to the renewed motion to dismiss were declarations from three of the four witnesses who had been present at the time of petitioner's arrest. In substance, each asserted he had been present at the time of petitioner's arrest but each claimed a failure of recollection due to the delay. Petitioner herself offered a new declaration elaborating on the need for all the witnesses and explaining her failed efforts to locate the other witnesses. Again, with nothing more than argument and the offer of the declarations, petitioner's motion to dismiss was denied. We stayed all proceedings when petitioner sought relief in this court.

█ Petitioner's right to a speedy trial under the Sixth Amendment to the federal Constitution does not protect her from the delay prior to arraignment. The federal speedy trial right is triggered by the filing of a formal indictment or information or arrest *and* holding to answer. (*United States v. Marion* (1971) 404 U.S. 307, 320 [30 L.Ed.2d 468, 478-479, 92 S.Ct. 455].) Nevertheless, petitioner may have a remedy for the precomplaint delay under either the federal right to due process (*Scherling v. Superior Court* (1978) 22 Cal.3d 493, 507 [149 Cal.Rptr. 597, 585 P.2d 219]) or under the California constitutional guarantee of a speedy trial (*People v. Hannon* (1977) 19 Cal.3d 588 [138 Cal.Rptr. 885, 564 P.2d 1203]). █ However stated, the claim is decided by balancing the effect of the delay—prejudice to the defendants—against any justification for the delay. (*Scherling v. Superior Court, supra,* 22 Cal.3d at p. 505; *Overby v. Municipal Court* (1981) 121 Cal.App.3d 377, 383 [175 Cal.Rptr. 352].)

In the balancing process, the defendant has the initial burden of showing some prejudice before the prosecution is required to offer any reason for the delay. (*Ibarra v. Municipal Court* (1984) 162 Cal.App.3d 853 [208 Cal.Rptr. 783]; *Overby v. Municipal Court, supra,* 121 Cal.App.3d 377; *People v. Lawson* (1979) 94 Cal.App.3d 194 [156 Cal.Rptr. 226]; *People v. Vanderburg* (1973) 32 Cal.App.3d 526 [108 Cal.Rptr. 104].) The showing of prejudice requires some evidence and cannot be presumed. (*Scherling v. Superior Court, supra,* 22 Cal.3d 493; *Overby v. Municipal Court, supra,* 121 Cal.App.3d 377; *People v. Allen* (1979) 96 Cal.App.3d 268 [158 Cal.Rptr. 54].)

█ Petitioner made a prima facie showing of prejudice in this case which shifted the burden of going forward with the evidence to the prosecution. Its burden is to explain the delay. Only then may the court *balance* competing interests since it is inappropriate to evaluate the quality or quantity of prejudice in a vacuum. (*Ibarra v. Municipal Court, supra,* 162 Cal.App.3d 853.) It follows the trial court erred in concluding the prejudice was insufficient to require dismissal. That determination cannot be made

unless the proffered prejudice is balanced against any explanation for the delay. A full hearing should be conducted to evaluate petitioner's claim the prejudice outweighs any justification for the delay.

We have received and considered the response of real party in interest; further proceedings would add nothing to our review. A peremptory writ in the first instance is appropriate. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue directing the superior court to conduct a hearing on petitioner's motion to dismiss consistent with this opinion.

Wallin, J., and Crosby, J., concurred.