769 P.2d 1297 (1989)
109 N.M. 206
STATE of New Mexico, Plaintiff-Appellee,
v.
Carlos SANCHEZ, Defendant-Appellant.
No. 10977.
Court of Appeals of New Mexico.
January 10, 1989.
Certiorari Denied February 13, 1989.
Hal Stratton, Atty. Gen., Santa Fe, for plaintiff-appellee.
Paul J. Kennedy, Albuquerque, for defendant-appellant.

OPINION
MINZNER, Judge.
Defendant appeals from his conviction for trafficking by possession with intent to distribute, contending the trial court erred in denying his motion to dismiss. U.S. Const. amend. VI. The calendar notice proposed summary affirmance. Defendant filed a timely memorandum in opposition to proposed summary affirmance. The issue before this court is whether a defendant's right to a speedy trial under the sixth amendment attaches upon arrest. We hold it does not, where defendant was arrested, released without restriction, and not charged until nineteen months later with commission of any offense.
Defendant was arrested, booked, and released pending investigation on January 19, 1986. Defendant was indicted on August 26, 1987. In September 1987 defendant moved to dismiss the indictment for violation of his right to a speedy trial based on the nineteen-month delay between his arrest and indictment. The trial court found that since defendant was not released on bail, his speedy trial rights did not attach until the indictment was filed, and thus he was not entitled to a speedy trial determination. Defendant waived his right to a jury trial, was tried by the court on stipulated facts, and was found guilty of trafficking by possession with intent to distribute. Defendant appeals from his conviction.
The sixth amendment's guarantee of a speedy trial is applicable after a person has been accused of a crime. United States v. MacDonald, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982); United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). However, for purposes of the sixth amendment one becomes an accused only upon the occurrence of certain events. See United States v. Kidd, 734 F.2d 409 (9th Cir.1984). The federal speedy trial right is triggered by a filing of a formal indictment or information or arrest and holding to answer. Ibarra v. Municipal Court, 162 Cal. App.3d 853, 208 Cal. Rptr. 783 (1984). "Implicit in the Supreme Court's discussion in Marion is the conclusion that arrest alone does not invoke the federal right." Id. at 857, 208 Cal. Rptr. at 785. Defendant does not allege on appeal any deprivation of due process rights under Amend. XIV of the U.S. Constitution.
*1298 In United States v. MacDonald, 456 U.S. at 8, 102 S.Ct. at 1502, the Court observed:
The Sixth Amendment right to a speedy trial is * * * not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.
Defendant fails to cite authority which states that arrest alone is sufficient to support a claim based on the sixth amendment. See In re Adoption of Doe, 100 N.M. 764, 676 P.2d 1329 (1984). Inasmuch as defendant relies on Dillingham v. United States, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975), for the proposition that a defendant becomes an accused when the government arrests him and thereby commences its prosecution of him, such reliance is misplaced. In Dillingham the defendant was released on bond following his arrest, whereas in this case defendant did not post bond or live under any restrictions on his liberty after being arrested and released. See United States v. Palmer, 502 F.2d 1233 (5th Cir.1974), rev'd sub nom., Dillingham v. United States (court of appeals opinion which sets out facts surrounding Dillingham's arrest and release). Defendant contends that because the Supreme Court did not mention or rely on the fact that the defendant in Dillingham was released on bond following arrest, it can be implied that the fact of release on bond was not relevant to its decision. We disagree.
Dillingham was relied on by the defendants in Kidd and Ibarra for the same proposition cited by defendant in this case. In both cases Dillingham was distinguished based on the fact that the defendant in Dillingham had, in fact, been held to answer at the time of his arrest and was later released on bond. Id. The present case is distinguishable from Dillingham for the same reasons.
Defendant's reliance on Kilpatrick v. State, 103 N.M. 52, 702 P.2d 997 (1985), is similarly misplaced. The defendant in Kilpatrick posted a surety bond on the day he was arrested and lived under its impairment of liberty and the cloud of unresolved criminal charges for almost a year before the indictment was filed. See also State v. Lewis, 107 N.M. 182, 754 P.2d 853 (Ct.App. 1988); State v. Kilpatrick, 104 N.M. 441, 722 P.2d 692 (Ct.App. 1986). No unresolved criminal charges were pending against the defendant in the present case until he was indicted in August 1987. Thus, defendant's claim of denial of speedy trial under the sixth amendment is not substantiated by the record.
We hold that arrest alone, without posting bond, imposition of restrictive conditions of release, or being held to answer for unresolved criminal charges does not trigger a defendant's speedy trial rights under the sixth amendment. United States v. Kidd; Ibarra v. Municipal Court. Accordingly, the trial court properly denied defendant's motion to dismiss, and defendant's conviction and sentence are affirmed.
IT IS SO ORDERED.
DONNELLY, C.J., and ALARID, J., concur.