# C. P. JACKSON v. STATE.

No. A-8076.  Aug. 28, 1931.
Rehearing  Denied  Oct.  1,  1931.
(3 Pac. [2d] 249.)

Darnell & LaRue and Meacham, Meacham & Meacham, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Custer county on a charge of having the possession of mash fit for distillation, and was sentenced to pay a fine of $150 and to serve 30 days in the county jail.

Defendant is charged with permitting another to keep upon premises owned by him and under his control mash fit for distillation, as defined by section 6, c. 42, Session Laws 1923-24.

At the time charged, certain officers with a search warrant went to the farm of defendant, made a search, and in a canyon in the woodlands about 300 yards from the residence found 9 barrels of mash and other para-

phernalia. They talked to defendant at the time, and testify he told them he had an interest in the mash. Defendant testified that he saw "a dark complected stranger" on the premises a few days before the officers were there, and at the time discovered the mash and other stuff; that he owned the land where it was, but had leased it to another.

It is argued the information is insufficient in failing to allege a description of the premises on which the mash was kept. It would have been better pleading for the information to have alleged the location of the premises, but the failure to do so could not have prejudiced defendant. He owned the land where the mash was found, and under the provisions of section 2555, Comp. St. 1921, it is sufficiently definite. Complaint is made that the information is insufficient on the further ground that it does not allege the alcoholic content of the mash or that it was capable of being used as a beverage. Section 6, c. 42, Session Laws 1923-24, is not directed against the possession of intoxicating liquor, but to the possession of ingredients or materials for manufacture of intoxicating liquor, enumerating, among these, "mash, wort or wash fit for distillation." It is not necessary that mash contain any alcoholic content, but merely that it be "fit for distillation" and prepared with the intent to violate the prohibitory laws. The case of Cox v. State, 30 Okla. Cr. 413, 236 Pac. 436, has no application to this statute, but applied to a charge under section 7002, Comp. St. 1921. The offense there charged was committed before the law of 1923-24 became effective.

Some argument is made that there is a variance in the proof, since the testimony does not disclose that defendant was the owner of the mash, but at most had only

an interest in it. This contention is without merit. An owner of any interest in the mash, if the other essentials exist, is as guilty as if he were the sole owner.

The case is affirmed.

CHAPPELL, J., concurs. DAVENPORT, P. J., absent, not participating.