This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 31,401**

**KARL DURAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Eugenio Mathis, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals his convictions for aggravated battery and false

imprisonment. We proposed to affirm in a calendar notice, and we have received a memorandum in opposition to our notice and a motion to amend the docketing statement. We have duly considered Defendant's arguments, but we find them unpersuasive. We affirm.

Motion to Amend (argued under Issues 1 and 2) Defendant seeks to amend the docketing statement to add an argument that there was insufficient independent evidence of false imprisonment because the "restraint" was incidental to the battery conviction. Alternatively, Defendant claims that his double jeopardy rights were violated by his convictions for both false imprisonment and aggravated battery.

Arguments included in a motion to amend the docketing statement must be viable. *State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989), *superceded by rule on other grounds as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). A viable argument is one that is colorable or arguable, as distinguished from one that is devoid of any merit. *Id.* "Nonviable issues are not deserving of being added to the docketing statement, even if they allege fundamental or jurisdictional error." *Id.*

For aggravated battery, the jury had to decide that Defendant choked the victim with his hands, that he intended to injure the victim, and that he acted in a way that would likely result in death or great bodily harm to the victim. [RP 140] For false

2

imprisonment, the jury had to decide that Defendant restrained or confined the victim against her will knowing that he had no authority to do so. [RP 146] As described in our calendar notice, the victim testified that Defendant grabbed her by her throat and squeezed her neck until she could not breathe and she thought Defendant would kill her. [RP 97] This testimony supports the conviction for aggravated battery as described in the jury instruction. When the victim's daughter ran into a bedroom, Defendant chased the daughter and the victim was able to get up. [Id.; DS 3] The victim tried to get her keys and her jacket in order to leave, but Defendant told her she could not leave. [RP 97] The victim testified that Defendant told her there would be a hostage situation if the police arrived. [DS 4] The victim explained that the back door had items in front of the door and that she could not "get through the door to get outside." [RP 101] The victim testified that Defendant stood in front of the front door while they were waiting for police to arrive, and that Defendant only left the room "moments before the police arrived." [DS 4] The victim believed that Defendant "would not let her go anywhere." [RP 102] This testimony supports the conviction for false imprisonment as described in the jury instruction.

Defendant claims that the jury "considered the same conduct for both charges." [MIO 8] Based on the tape log, the jury asked whether "the time on the floor" could be considered for false imprisonment. [RP 167] After discussion with trial counsel,

the district judge instructed the jury to consider the evidence if it chose to do so. [Id.] Defendant suggests that, although there was evidence that Defendant blocked the front door and forced the victim to stay in the bedroom, the question from the jury establishes that it relied on the fact that the victim was restrained on the floor to support the false imprisonment conviction. Defendant argues, therefore, that either the false imprisonment conviction must be vacated or the two convictions resulted in a violation of double jeopardy. [MIO 8] Defendant claims that, because Defendant's act of choking occurred while the victim was held on the floor, the restraint involved in false imprisonment "was incidental to the continuing conduct supporting the [aggravated] battery conviction and lacked a significance of its own." [Id.] Defendant does not refer to any evidence to support his claim that the jury relied on this evidence to find him guilty of false imprisonment. In addition, based on the tape log, Defendant grabbed the victim by the throat, pinned her to the floor, and squeezed her neck. [RP 97] Defendant then let go of the victim's neck, grabbed her by the hair, hit and punched her, and hit her head against the floor. [Id.] At the beginning of the "time on the floor," Defendant was choking the victim, but after the choking ended and while the victim was still on the floor, the victim was "not able to get up." [Id.]

In double description cases involving a double jeopardy analysis, the defendant

4

is improperly charged with multiple violations of multiple statutes for unitary conduct. *State v. DeGraff*, 2006-NMSC-011, ¶ 25, 139 N.M. 211, 131 P.3d 61. In analyzing whether the conduct is unitary, we "consider whether the facts presented at trial establish that the jury reasonably could have inferred independent factual bases for the charged offenses." *State v. Schackow*, 2006-NMCA-123, ¶ 18, 140 N.M. 506, 143 P.3d 745 (internal quotation marks and citation omitted). "The conduct question depends to a large degree on the elements of the charged offenses and the facts presented at trial." *Swafford v. State*, 112 N.M. 3, 13, 810 P.2d 1223, 1233 (1991). "The first part of our inquiry asks the question that Supreme Court precedents assume to be true: whether the conduct underlying the offenses is unitary, i.e., whether the same conduct violates both statutes." *Id.* The second part involves a determination of whether it was the intent of the Legislature to create offenses that are separately punishable. *Id.* "If it reasonably can be said that the conduct is unitary, then one must move to the second part of the inquiry. Otherwise, if the conduct is separate and distinct, inquiry is at an end." *Id*. at 14, 810 P.2d at 1234.

Aggravated battery does not include, as an element, restraint or confinement, but false imprisonment does. In other words, both statutes are not violated by conduct involving restraint or confinement. Therefore, the conduct is not unitary. Furthermore, we disagree with Defendant's argument that the jury necessarily relied

on the "time on the floor" to support the false imprisonment charge and we disagree that the restraint connected to the false imprisonment conviction "was incidental to the continuing conduct supporting the [aggravated] battery and lacked a significance of its own." Because the arguments in Defendant's motion to amend the docketing statement are not viable, we deny the motion. *See Moore*, 109 N.M. at 128-29, 782 P.2d at 100-01.

Remaining Issues Defendant again claims that the district court's response to a jury question was misleading. Defendant argues that the response caused the jury to improperly convict on the false imprisonment charge. Defendant does not suggest that the question and response were included in the record proper and we do not find such documents in the record. According to the tape log, the jury asked if it could "consider the time on the floor" for false imprisonment. [RP 167] After discussion with counsel, the district court stated that it would tell the jury "consider if you choose to do so." [Id.] When the district court announced what response would be given, Defendant did not object. [Id.]

We note that Defendant cites no authority in support of his argument. [MIO 9-10] An appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330

6

(1984). Moreover, the district judge may communicate with the jury if the communication leaves discretion to the jury. *State v. Neely*, 112 N.M. 702, 712, 819 P.2d 249, 259 (1991). Here, the district court left the matter to the discretion of the jury by telling the jury it could consider certain evidence if it chose to do so.

Defendant continues to claim that his right to speedy trial was violated. In our calendar notice, we pointed out that Defendant failed to show how the issue was preserved and also provided no information on the length of the delay, whether the delay was presumptively prejudicial, or on any of four speedy trial factors. *See State v. Garza*, 2009-NMSC-038, ¶ 13, 146 N.M. 499, 212 P.3d 387 (noting that speedy trial factors include length of delay, reasons for delay, assertion of the defendant's speedy trial right, and actual prejudice to the defendant from the delay). In response, Defendant points to his motion in limine which included notice of his objection to the scheduled trial date based on a claim that his speedy trial rights would be violated. [RP 64] In that motion, Defendant argued that the trial date was "outside applicable time limits" and that he was "prejudiced by the length of his incarceration and the extreme delay that occurred between magistrate court and his district court arraignment." [Id.]

With respect to the charges in this case, Defendant was released on the same date that he was charged with the crimes--December 22, 2009. [DS 2-3] Defendant

was incarcerated on a contempt of court charge and remained incarcerated because he was unable to post bond due to a hold from Colorado for a probation violation. [RP 77-79] A bind over order to the district court was filed on May 3, 2010, and a criminal information was filed on May 23, 2010. The speedy trial right attaches "when the defendant becomes an accused, that is, by a filing of a formal indictment or information or arrest and holding to answer." *State v. Maddox*, 2008-NMSC-062, ¶ 10, 145 N.M. 242, 195 P.3d 1254 (internal quotation marks and citation omitted); *see also State v. Sanchez*, 108 N.M. 206, 207, 769 P.2d 1297, 1298 (Ct. App. 1989) (holding that the speedy trial right does not attach upon arrest where defendant has been arrested, released without restriction, and charged months later). In this case, Defendant was released immediately and was only placed back into jail when he was held in contempt of court. The criminal information was not filed until May 23, 2010, and trial was held on March 1, 2011, resulting in a delay of slightly over nine months. Our Supreme Court has held that twelve months in a simple case is considered presumptively prejudicial. *See Garza*, 2009-NMSC-038, ¶ 47. Therefore, the delay in this case was not presumptively prejudicial and our inquiry ends.

Even if we were to accept Defendant's claim that the delay was presumptively prejudicial, we would conclude that Defendant's speedy trial right was not violated because Defendant's argument ultimately fails the *Barker* factors. Defendant focuses

his argument on the prejudice factor and does not claim that the other factors weigh heavily in his favor. *See Garza*, 2009-NMSC-038, ¶ 39 (providing that, if length of and reasons for delay weigh heavily in the defendant's favor and the defendant asserted the right and did not acquiesce in delay, then the defendant need not show prejudice). Therefore, for speedy trial analysis, Defendant would have been required to make a particularized showing of prejudice. *See id.* Defendant claims only that he was incarcerated for twelve months and was thereby prevented from being able to "discover possible witnesses and evidence that would have aided in his defense." [MIO 12] As discussed earlier, Defendant was incarcerated for a contempt of court determination and based on a probation violation from another state, and Defendant provides no particular information regarding "possible" witnesses or evidence. Because Defendant has not made a particularized showing of prejudice, we would not conclude that Defendant's speedy trial rights were violated even if we accepted Defendant's claim that the delay was presumptively prejudicial.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

9

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**J. MILES HANISEE, Judge**