Filed 12/7/15  P. v. Gray CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>THOMAS EUGENE GRAY,<br><br>    Defendant and Appellant. | F068827<br><br>(Super. Ct. No. VCF256747)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Gerald F. Sevier, Valeriano Saucedo, and Brett R. Alldredge, Judges.

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.    Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Peter H. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

A jury convicted defendant Thomas Eugene Gray of felony assault with a deadly weapon, a pipe (Pen. Code, § 245, subd. (a)(1), count 1),[1] and felony first degree burglary

---

[1]All statutory citations are to the Penal Code unless otherwise indicated.

(§ 459, count 2). In a bifurcated hearing, the court found true enhancement allegations for a prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), a prior serious felony conviction (§ 667, subd. (a)(1)), and three prior prison terms (§ 667.5, subd. (b)).

The trial court dismissed the prior prison term enhancements and sentenced defendant to an aggregate term of 15 years in prison.

On appeal, defendant contends the trial court prejudicially erred in failing to conduct a hearing on his claim that his right to a speedy trial was violated. We disagree and affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

### Prosecution's Case

On July 31, 2011, at approximately 1:00 p.m. Curtis Rhodes was sitting on the front porch of his home with his wife Maria Escobar. His mother-in-law Gladys Escobar[2] was sitting inside a truck parked outside the home talking on her cell phone, and his sister, Debra Witzig, was inside cleaning the kitchen

A Hispanic male, whom Rhodes had never seen before, walked by the front of the home and continued around the block. Approximately 30 minutes later, the man came back to the front of the home, ran up the porch, and struck Rhodes on the left side of his forehead with a pipe.

After the first man attacked Rhodes, Maria opened the front door and told Rhodes to go inside. Defendant then approached the home, and both men proceeded to follow Rhodes inside. Defendant tried to obscure his face with the hood of his sweater, but Maria recognized him because he was a friend of Rhodes's and had visited the home on previous occasions. She asked defendant, "'Thomas, what are you doing here?'" He replied, "'Get out of my way.'"

---

[2]Because Gladys Escobar shares the same last name as another witness, we will refer to each by her first name. No disrespect is intended.

2.

Once inside, both men beat Rhodes and defendant pepper sprayed him. The Hispanic male gave the pipe to defendant who struck Rhodes with it, causing him to lose consciousness. Maria fled the home and the Hispanic male chased after her. She used a shovel to strike the man on the hand, which caused him to drop the pipe. She struck him again with the shovel and the man fled. Defendant, who was no longer wearing his sweater, came out of the home, turned around and looked at Maria, and then fled. Maria identified defendant in a police photo lineup.

Gladys witnessed the attack from her vehicle. She saw defendant's face as he fled and positively identified him at trial.

Witzig, who was cleaning the kitchen at the time of the attack, heard a commotion and looked to the entryway of the home to see Rhodes enter, bleeding from his forehead. She rushed out of the home immediately, and as a result, was unable to identify either of the assailants.

Rhodes indicated at trial he could not identify defendant as the second assailant because the hood of the man's sweater covered his face.

### Defense's Case

At trial, Derek Cabral and Hector Solis testified defendant was with them all day on the day of the incident, helping a friend move. A third witness, Hector Nevarez, testified he saw defendant helping someone move out of an apartment complex that morning.

### Procedural History

#### *2011*

On August 24, a felony complaint was filed against defendant in the Tulare Superior Court.

On September 14, defendant was arraigned on the complaint while in custody.

On September 26, defendant appeared out of custody with counsel for his preliminary hearing. The court granted his request for a continuance and he waived time on the 10-day and 60-day rules.[3]

On October 26, defendant appeared out of custody for his preliminary hearing. The court granted his request for a continuance.

On November 10, defendant appeared out of custody at a preliminary hearing confirmation conference. The hearing was continued to December 16.

On December 16, defendant appeared out of custody with counsel and waived time. The preliminary hearing was continued to January 9, 2012.

### *2012*

On January 9, defendant appeared out of custody with counsel for his preliminary hearing. He would not waive the one-session rule, which requires preliminary hearings to be completed in one-session. As a result, the court continued the hearing to January 11 and ordered the witnesses to return on that date.

On January 11, defendant appeared out of custody with counsel, waived time, but would not waive the one-session rule. The court continued the preliminary hearing to January 17 and ordered the witnesses to return on that date.

On January 17, defendant appeared out of custody with counsel. Witnesses for the defense failed to appear, and as a result, the court issued bench warrants for their arrest. Defense counsel declined the court's recommendation to proceed with the preliminary hearing because defendant wanted his witnesses present, and he refused to waive the one-session rule. Defendant waived time and the court set the preliminary hearing for January 23.

On January 23, defendant appeared out of custody with counsel. Bench warrants issued for two witnesses were recalled after they appeared, but a third bench warrant

---

[3]Under section 859b, the preliminary hearing must be held within 10 court days of when the defendant is arraigned unless the defendant waives that limit. Upon waiver, the hearing must occur no later than 60 days of arraignment, unless another waiver occurs.

remained for a witness who was not present. Defendant would not proceed without all of his witnesses present, and he would not waive the one-session rule. The court continued the preliminary hearing to February 6 and ordered the witnesses to return.

On February 6, defendant failed to appear for the preliminary hearing. He was in custody in Kings County on an unrelated matter. The court vacated the preliminary hearing, released the witnesses from their subpoenas, and found good cause not to forfeit bail. The preliminary hearing setting conference was set for February 9.

On February 9, defendant failed to appear because he was still in custody in Kings County.

On March 26, defendant appeared in custody with counsel. He was arraigned on the complaint again and the court set the preliminary hearing for April 9. Defendant remained in custody pending a bail exoneration hearing. No time waiver was entered.

On April 9, nine court days after he was arraigned, defendant appeared in custody with counsel for his preliminary hearing. Defense counsel advised the court that no witnesses for the defense had been subpoenaed. Defendant orally raised an issue regarding his right to a speedy trial. The court held that nothing on the record supported his allegation, but advised defendant to properly present his claim pursuant to a noticed hearing. Defendant was held to answer on all charges alleged in the complaint.

On April 17, the information was filed.

On April 23, defendant was arraigned on the information.

On June 4, defendant's jury trial began. Defendant again raised the issue about his motion to dismiss based on an alleged violation of his right to a speedy trial. The court reviewed the preliminary hearing transcript and issued a clear ruling denying defendant's claim.

Several days later, a mistrial was declared.

On June 11, defense counsel filed a written motion to dismiss the complaint pursuant to an alleged violation of defendant's speedy trial rights.

5.

On July 16, after hearing argument from both the prosecution and defense counsel, the court issued a two-fold ruling on defendant's motion. First, it found the motion was already decided on June 4 and, as a result, it would be jurisdictionally inappropriate for the court to issue a subsequent ruling. Second, the court independently found no basis for granting the motion.

On December 3, defendant's second jury trial began. Several days later, defendant was convicted by a jury on all counts.

## DISCUSSION

Defendant claims he was denied his right to a speedy trial under both federal and state authority. On appeal, he specifically asserts he was prejudiced as a result of the trial court's failure to conduct a full hearing on the merits of his speedy trial claim. His argument is without merit.

Defendant argues that under *Garcia v. Superior Court* (1984) 163 Cal.App.3d 148 (*Garcia*) and *Craft v. Superior Court* (2006) 140 Cal.App.4th 1533 (*Craft*), he was entitled to a full hearing to determine whether his right to a speedy trial was violated. In *Garcia*, the defendant filed a written motion to dismiss based on a pretrial delay in prosecution. (*Garcia*, at p. 150.) The trial court denied the motion without hearing any evidence regarding the justification for the delay, finding the defendant had failed to make a sufficient showing of prejudice. (*Ibid*.) The defendant renewed her motion to dismiss one month later and attached declarations from multiple witnesses who all claimed they could not recollect the events of the incident due to the delay. (*Id*. at p. 151.) The trial court denied the renewed motion without hearing evidence explaining the reason for the delay. (*Ibid*.) The appellate court held the defendant had demonstrated prejudice, and it issued a peremptory writ directing the court to conduct a hearing to determine whether the prejudice outweighed any justification for the delay. (*Id*. at p. 152)

Similarly, in *Craft*, defense counsel filed a motion on the defendant's behalf requesting dismissal of the complaint, alleging the defendant's speedy trial right had been violated. (*Craft*, *supra*, 140 Cal.App.4th at p. 1538.) The defendant had been incarcerated for nearly 17 months before he was brought to court. (*Id*. at p. 1537.) Pursuant to a peremptory writ, the *Craft* court ordered the trial court to consider the justification for the delay, reasoning the defendant's prolonged incarceration demonstrated a compelling case of prejudice. (*Id*. at p. 1542.)

*Craft* and *Garcia* are distinguishable from the instant case. Here, the first time defendant raised the issue of his speedy trial right was at his preliminary hearing on April 9 when he orally objected to the delay. Based on the record, the court found no support for defendant's claim, but advised him to present it pursuant to a noticed hearing.

Defendant orally raised the issue a second time on June 4 at the commencement of his first jury trial. After reviewing the preliminary hearing transcript, the court determined it was unclear whether defendant's oral motion had been previously decided. The trial court affirmed the previous ruling, and in the event a ruling was not previously made, independently denied the motion.

On July 11, after defendant's first trial concluded in a mistrial, defense counsel filed a written motion to dismiss on the basis of defendant's claim.

Unlike *Garcia* and *Craft*, a motion to dismiss was not filed here until after defendant's first trial ended in a mistrial, despite the court's advisement to defendant to present his claim by a noticed hearing. Prior to the submission of a written motion, the court had limited facts before it to consider the merits of defendant's claim.

Based on the record, however, the trial court correctly determined defendant failed to make a threshold showing of prejudice, which would have entitled him to a full hearing on the merits. *Garcia* and *Craft* are further distinguishable on this point because the defendants in both cases demonstrated a prima facie showing of prejudice that entitled them to a hearing to determine whether their claim of prejudice outweighed any

7.

justification for the delay.  Here, not only did defendant fail to make this threshold showing at trial, for the reasons set forth below we find no prejudice.

### A.     Federal and State Constitutions' Speedy Trial Right

Defendant asserts he made a prima facie showing of prejudice by arguing his witnesses were lost on February 9 and April 9 through no fault of his own.  We reject his argument.

A criminal defendant's right to a speedy trial is guaranteed under both the federal and state Constitutions, as well as state statute.  (U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15; Pen. Code, §§ 686, subd. 1, 1382.)  In *Barker v. Wingo* (1972) 407 U.S. 514, 530 (*Barker*), the United States Supreme Court set forth a balancing test for evaluating speedy trial claims under the Sixth Amendment.  The court identified specific factors the trial court must consider in determining whether a defendant's right to a speedy trial has been violated, including, (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her speedy trial right; and, (4) resulting prejudice to the defendant.  (See *Doggett v. United States* (1992) 505 U.S. 647, 651.)

Under a speedy trial claim pursuant to the state Constitution, only two factors are balanced:  (1) whether the defendant was actually prejudiced by the delay; and, (2) whether there was a justification for the delay.  (*Serna v. Superior Court* (1985) 40 Cal.3d 239, 249.)  The initial burden is on the defendant to demonstrate prejudice as a result of the delay.  (*Ibid.*)  Only if the defendant meets this burden will the court determine whether the delay was justified and then balance the two factors. (*Ibid.*)

One distinction between a defendant's speedy trial under the federal and state Constitutions is the point at which the right attaches.  Under the Sixth Amendment of the federal Constitution, the right to a speedy trial attaches upon the filing of either a formal indictment or information, or when the defendant is arrested.  (*United States v. Marion* (1971) 404 U.S. 307, 320.)  Whereas, under the state Constitution, the filing of a felony complaint will trigger speedy trial protection.  (*People v. Martinez* (2000) 22 Cal.4th 750,

754.) Further, under the federal test, prejudice is presumed if the delay is "uncommonly long." (*Doggett v. United States*, *supra*, 505 U.S. at p. 651.)

While a defendant is generally entitled to a hearing on whether the complaint should be dismissed based on a speedy trial right violation, defendant here failed to explain to the trial court how his preliminary hearing or his trial were significantly delayed. Moreover, upon review of the record, we find no evidence of a significant nonexcusable delay.

As a preliminary matter, we reject defendant's argument that this court does not have a sufficient record from which to assess the merits of his speedy trial claim because a hearing was not conducted. Even in circumstances where a speedy trial motion is denied without explanation, appellate courts may refer to docket entries and transcripts to determine whether the motion was properly denied. (See, e.g., *State v. Reynolds* (2014) 196 Vt. 113, 118-119.)

According to defendant's speedy trial motion, he was granted two continuances of his preliminary hearing upon his own request, including on September 26 and October 26. The court minutes indicate he waived time on September 26 and December 16, his witnesses failed to appear on January 17, and he was incarcerated on an unrelated matter in Kings County on February 6 and February 9. On January 23, his hearing was continued because he refused to proceed without all witnesses present and he would not waive the one-session rule.

It is well-established that delay for the benefit of the defendant, delay caused by his conduct, or delay as a result of unforeseen circumstances, such as the unavailability of a witness, constitutes good cause. (*People v. Johnson* (1980) 26 Cal.3d 557, 570.) Good cause for delay has also been found where a defendant is involuntarily absent because of incarceration in another jurisdiction on unrelated charges. (*People v. Burns* (1932) 128 Cal.App. 226, 230.) Further, a defendant formally and knowingly relinquishes the right

9.

to a speedy trial by seeking a continuance or waiving time. (*People v. Seaton* (2001) 26 Cal.4th 598, 634). As a result, we find no evidence of a significant nonexcusable delay.

Even assuming defendant's hearing or trial were significantly delayed, his failure to demonstrate prejudice is fatal to his claim. The absence of defendant's alibi witnesses at his preliminary hearing was not the result of delay, but the result of defense counsel's failure to subpoena them. "An assigned counsel's failure 'to move the case forward' does not warrant attribution of delay to the State"; instead, such delay is attributed to the defendant. (*Vermont v. Brillon* (2009) 556 U.S. 81, 92.) Clearly, the error here, and any prejudice as a result thereof, can only be attributed to defendant.

We also note the trial court gave defendant the opportunity to subpoena his alibi witnesses but defendant demurred. At the preliminary hearing, defendant objected to his witnesses not being present and asserted his right to a speedy trial was violated. The court explained to defendant it could not give him his right to subpoena witnesses and give him his right to a speedy preliminary hearing at the same time.

Defendant was given the options of waiving the one-session rule and subpoenaing his witnesses, proceeding without his witnesses, or continuing the hearing to April 23 with the understanding his witnesses may not be available by then. The court also explained the preliminary hearing could be held the following Monday, on April 16, but questioned whether the witnesses, who did not live nearby, would be available by then. Defense counsel responded, "I don't really care where they live. We've already subpoenaed them three times. We know where they are." The court asked defendant twice for a decision as to how he wanted to proceed. Defendant responded by raising an issue related to his bail and alleged his constitutional rights were violated. The court then proceeded with the hearing.

Defendant failed to allege how his preliminary hearing or his trial were significantly delayed and any prejudice resulting from the delay. Thus, the trial court did not err by denying defendant a full hearing on the merits of his claim.

**B.     Section 1382**

For the first time on appeal, defendant asserts his right to a speedy trial was violated because the trial court failed to comply with the adjudication requirements under section 1382.  Here, too, defendant's claim fails.

Section 1382 provides that in a felony case, the court shall dismiss the action when a defendant is not brought to trial within 60 days of his or her arraignment on an indictment or information, unless certain exceptions apply.

Although defendant's argument here is waived on appeal for failure to make a timely objection (*In re Maurice E.* (2005) 132 Cal.App.4th 474), we can find no violation of defendant's right to a speedy trial under section 1382.  Defendant was arraigned on the information on April 23, 2012, and his trial began on June 4, 2012, well within the 60-day requirement.  Thus, we find no violation even were defendant's argument not waived.

## DISPOSITION

The judgment is affirmed.

_____
PEÑA, J.

WE CONCUR:


_____
FRANSON, Acting P.J.


_____
SMITH, J.